PJS:MEM:cer

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON LANDOR, | : | No. 1:CV-12-1329 |
| Petitioner | : | |
| | : | |
| v. | : | (Caldwell, J.) |
| | : | (Carlson, M.J.) |
| ERIC D. WILSON, and | : | |
| TIMOTHY HARDIN, Lieutenant, | : | |
| Respondents | : | Filed Electronically |

## RESPONSE PETITION FOR WRIT OF HABEAS CORPUS

### I.     Introduction

Respondents, Eric D. Wilson, Warden at the United States Penitentiary McCreary in Fort Knox, Kentucky ("USP McCreary"), and Lieutenant Timothy Hardin,[1] hereby respond to a petition for writ of habeas corpus filed by Damon Landor, who is currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").

---

[1] The only proper respondent in a habeas corpus action is the person having custody of the petitioner. See 28 U.S.C. §§ 2242, 2243; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)("custodian" is generally the warden of the facility where the prisoner is in custody).  The person who has custody of Landor is the warden of the institution where Landor is currently confined, which is Jeffrey Thomas.  Respondent asks the Court to summarily substitute Warden Jeffrey Thomas for B. A. Bledsoe as the Respondent in this action.  Landor also names Timothy Hardin as a respondent.  Timothy Hardin is not a proper respondent and should be summarily dismissed.

I.      **Procedural History**

Landor initiated this action on July 10, 2012, when he filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. See Pet. (Doc. 1). Landor alleges due process violations in connection with a January 21, 2010 decision of a Discipline Hearing Officer ("DHO") at USP McCreary regarding Incident Report 1818253. See Pet. (Doc. 1). Specifically, Landor claims the sanctions imposed against him when the DHO found him guilty of a Code 104 disciplinary infraction for possession of a weapon on January 21, 2010 are unlawful because he was not permitted to present documentary evidence at the DHO hearing, and because when Lieutenant Hardin questioned him about the possession of a weapon, he did not read him his Miranda rights.[2] See id.

Landor alleges that on January 21, 2010, the DHO imposed sanctions of the loss of fifty-four days good conduct time, thirty days disciplinary segregation, a 180-day loss of visitation privilege, and disciplinary transfer to the SMU at USP Lewisburg. See id. As relief, Landor asks the Court to expunge the Code 104

---

[2] Landor references United States v. Landor, No. 6:09-CR-00014 (E.D. Ky.), wherein criminal charges for his possession of a weapon at USP McCreary on January 6, 2009 were dismissed by the government because the Court supressed that Landor's confession to Lieutenant Hardin because the Lieutenant did not advise him of his Miranda warnings before he questioned him about the weapon and then referred the case to the Federal Bureau of Investigation for eventual prosecution. See United States v. Landor, No. 6:09-CR-00014 (E.D. Ky. Nov. 17, 2009) (Recommended Disposition); United States v. Landor, No. 6:09-CR-00014) (E.D. Ky. Dec. 10, 2009) (copies attached).

violation from his record, to restore his good conduct time, and to transfer him from the SMU at USP Lewisburg to a general population facility.  See id.

The court directed respondent to show cause why the petition should not be granted by September 17, 2012[3].  See Order (Doc. 6).  This response is filed in accordance with that order.

## II.   Factual Background

### A.   Introductory Facts

Landor is currently incarcerated at USP Lewisburg.  See Declaration of Michael S. Romano (Ex. 1) ¶ 2; Public Information Inmate Data (Attach. A).  He is serving a 120-month sentence imposed in the United States District Court for the Eastern District of Louisiana for a conviction of conspiracy to distribute and intent to distribute cocaine hydrochloride.  See id.  As of September 4, 2012, Landor has a projected release date of October 4, 2013.  See id.

### B.   Facts Regarding Incident Report 1818253 and DHO Proceedings

On January 6, 2009, while Landor was confined at USP McCreary, Landor received an incident report (No. 1818253) for a Code 104 violation for possession of a weapon.  See Romano Decl. (Ex. 1) ¶ 3; Inmate Discipline Data –

---

[3] Landor filed a second habeas corpus which challenges the same DHO decision, which has been docketed to number 1:12-CV-1331, for which the Court simultaneously issued a show cause directing Respondent to respond to that petition on this same date.  That case relates to a rehearing concerning Incident Report 1818253 that occurred after his transfer to USP Lewisburg.

Chronological Record (Attach. B) at 4, 7.  See also Pet. (Doc. 1) at 16.  On January 21, 2010, a hearing was conducted before a DHO at USP McCreary.  See id. at

Landor appealed the decision to the Mid-Atlantic Regional Director using the BOP's administrative remedy procedures and asked that the incident report be expunged.  See Romano Decl. (Ex. 1) ¶ 4; Regional Administrative Remedy Response to Remedy No. 577096-R1 (Attach. C).   On February 12, 2010, the Regional Director for the BOP's Mid-Atlantic Region responded to Landor's appeal and wrote,

> Upon review, we are remanding the incident report to the institution for further investigation.  If you behavior is determined to warrant such action, you will receive written notice of the charge(s), and will be afforded the opportunity to be present at any subsequent hearing.

Id.

Landor was transferred from USP McCreary to USP Lewisburg on May 11, 2010.  See Romano Decl. (Ex. 1) ¶ 5; Inmate History (Attach. D).  Incident Report 1818253 was rewritten and reissued on December 7, 2010.  See Romano Decl. (Ex. 1) ¶ 7; DHO Packet (Attach. G) at 4-6.  A copy of the incident report was provided to Landor that same day.  See id. § 14-16.  The DHO hearing occurred on March 23, 2011.  See Romano Decl. (Ex. 1); DHO Packet (Attach. G) at 1, § I(B).

Attached to the petition is the response of Warden B. A. Bledsoe to a letter from Landor concerning the Code 104 violation and his subsequent SMU

designation. See Pet. (Doc. 1) at 18. In that letter, Warden Bledsoe explained that Landor would receive a rehearing of Incident Report 1818253, and his SMU designation was not exclusively based on that incident. See id. The Warden stated:

> During your time at U.S.P. McCreary you were found guilty of several 200 level incident reports and one 100 level incident report. You received numerous incident reports directed at staff which involved either verbal abuse or assaultive behavior. As a result of your repeated misconduct you were referred for placement in the Special Management Unit.

Id.

Landor's prison disciplinary record reflects that the DHO hearing for Incident Report 1818253 was reheard on March 23, 2011, and lists no sanctions for the entry dated January 21, 2010. See Romano Decl. (Ex. 1); Inmate Discipline Data – Chronological Record (Attach. B) at 7. That same record reflects that on March 23, 2011, the DHO sanctioned Landor to disallowance of forty days good conduct time, thirty days disciplinary segregation, a 180-day loss of visitation privileges, and a disciplinary transfer. See id. at 4. Landor has challenged the latter disciplinary proceeding and the sanctions imposed therein with the habeas corpus petition filed to Docket Number 1:12-CV-1331.

Prison records indicate that between November 21, 2009 and November 21, 2010, Landor lost 162 days of good conduct time, which corresponds to the

amounts of good conduct time disallowed as a result of DHO decisions for Incident Reports 1990336, 2036698, and 2036697 (none of which are at issue in the instant action).  See Declaration of D. Weber (Ex. 2) ¶ 3; Good Time Data (Attach. A); Romano Decl. (Ex. 1), Inmate Discipline Data – Chronological Record (Attach. B) at 5-7.  Therefore, Landor suffered no loss of good conduct time as a result of the DHO hearing that took place on January 21, 2010, which was subsequently reheard.

Program Statement 5217.01, Special Management Units, sets forth the procedures required to designate an inmate to a SMU.  See Program Statement 5217.01, Special Management Units (Ex. 3) at 2.  Specifically, an inmate's Unit Team may submit a referral request to the Warden with a referral packet which contains the documentation to support the basis for the referral.  See id. "If the Warden approves the referral, it is submitted to the Regional Director." Id.  If the Regional Director determines that sufficient evidence exists to convene a hearing, the Regional Director appoints a Hearing Administrator to conduct a hearing into whether the inmate meets the criteria for SMU designation." Id.  Program Statement 5217.01 also sets forth all of the requirements for conducting a SMU designation hearing. See id. "The Regional Director considers whether, based on the Hearing Administrator's findings, the SMU referral is necessary to ensure the

safety, security, or orderly operation of [BOP] facilities, or protection of the public," and submits a recommendation to the Designation and Sentence Computation Center ("DSCC"). Id. The DSCC ultimately makes the final decision about an inmate's SMU designation. See id.

### IV. Question Presented

**Should the Court dismiss the habeas corpus petition because: (a) any due process challenge to the disciplinary hearing of January 21, 2010 was rendered moot when the Regional Director remanded the incident report to staff at USP McCreary and the case was subsequently reheard; (b) Landor did not lose good conduct time as a result of the hearing the occurred on January 21, 2010; (c) due process concerns about the rehearing are the topic of another habeas corpus proceeding; and (d) Landor's challenge to his SMU designation is not a cognizable habeas corpus claim?**

**Suggested answers: in the affirmative.**

### V. Argument

Landor asks the Court to expunge a Code 104 violation that was decided in a DHO hearing that is the subject of another habeas corpus proceedings presently before the Court, and he asks the Court restore good conduct time that was never disallowed. See Pet. (Doc. 1). Additionally, Landor asks the Court to transfer him from the SMU at USP Lewisburg because he believes that the sanction of disciplinary transfer that was associated with his finding of guilty with respect to Incident Report 1818253 was the basis for his SMU designation. See id.

The record reflects that Landor lost no good conduct time as a result of the disciplinary hearing of January 21, 2010, and BOP policy sets forth extensive procedures required to designate an inmate to a SMU, none of which are challenged by Landor.  See Declaration of D. Weber (Ex. 2) ¶ 3; Good Time Data (Attach. A); Romano Decl. (Ex. 1), Inmate Discipline Data – Chronological Record (Attach. B) at 5-7; Program Statement 5270.10, Special Management Units (Ex. 3).  Indeed, administrative remedy documents that Landor himself attached to the petition indicate Landor's possession of a weapon was only one disciplinary incident amidst an extensive disciplinary history that resulted in his SMU designation.  See Pet. (Doc. 1) at 18.

Any claim pertaining to the DHO hearing on January 21, 2010 was rendered moot when the Regional Director remanded Incident Report 1818253 back to staff at USP McCreary for further investigation, and no good conduct time was disallowed.  "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996)

Additionally, Landor's challenge to his SMU designation and any challenge to a disciplinary matter that did not result in the loss of good conduct time are not

cognizable under 28 U.S.C. § 2241 because the claims do not concern the fact or duration of the inmate's incarceration.

Habeas petitions and civil rights actions "are not coextensive either in purpose or effect" – with habeas relief being limited to an inmate's challenge to the fact or duration of his confinement. Leamer v. Fauver, 288 F.3d 532, 431 (3d Cir. 2002). If an inmate seeks to challenge something else, his remedy, if any, is to file a civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer, 288 F.3d at 541. The Third Circuit explained in Leamer,

> [W]henever [an inmate's] challenge ultimately attacks the "core of habeas" – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate.

Id. at 542.

Indeed, the Third Circuit Court of Appeals has repeatedly determined that habeas corpus petitions filed by inmates to examine prison placement and condition of confinement claims fall outside the scope of habeas corpus jurisdiction because they do not challenge the fact or duration of an inmate's sentence. See e.g., Dickerson v. Diguglielmo, 306 F. App'x 707 (3d Cir. 2009) (ruling inmates' claims concerning confiscation of legal materials were not

cognizable habeas corpus claims); Jupiter v. Warden, U.S.P. Lewisburg, 237 F. App'x 726 (3d Cir. 2007) (ruling inmate's access to courts claim resulting from the loss of legal materials was not cognizable habeas corpus claim); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006) (ruling challenges to conditions in special housing unit, alleged retaliatory actions by prison staff, and inmate's transfer to special housing unit with loss of privileges were not cognizable by habeas corpus) ; Beckley v. Miner, 125 F. App'x 385 (3d Cir. 2005) (ruling habeas corpus jurisdiction did not exist where prisoner sought transfer to facility at which he could participate in drug abuse treatment program).

Additionally, the discretion to transfer an inmate between prisons rests solely with prison officials. See 18 U.S.C. § 3621(b). The decision as to where an inmate should be incarcerated is within the sole discretion of the Bureau of Prisons. See id.; and see Moody v. Daggett, 429 U.S. 78 (1976). Simply stated, an inmate has no right to be confined in any particular prison, or to be transferred to any particular prison. Young v. Quinlan, 960 F.2d 351, 358 n.16 (3d Cir. 1992); Flanagan v. Shively, 783 F.Supp. 922 (M.D. Pa.), aff'd 980 F.2d 722 (3d Cir. 1992).

In Meacham v. Fano, 427 U.S. 215 (1976), the Court held:

> The ... decision to assign a convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in

> another... Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another...

427 U.S. at 224-225.

This principle was reaffirmed in Olim v Wakinekona, 461 U.S. 238 (1983), which states:

> [N]o right [is conferred] on the prisoner to remain in the prison to which he is initially assigned ... because the State had retained 'discretion to transfer [him] for whatever reason or for no reason at all', [and therefore] had not created a constitutionally protected liberty interest.

461 U.S. at 249 (citations omitted).

While the petition could be construed as a civil rights action under Bivens, challenging the conditions of Landor's prison life, it is more appropriate to dismiss the petition under §2241. See McKettrick v. Williamson, No. CV-06-0543, 2006 WL 1307919, *2 (M.D. Pa. May 10, 2006) (McClure, J.) (copy attached) (recognizing the significant difference in filing fees for habeas corpus petitions and civil rights actions and noting, "[I]f we were to simply construe habeas petitions as civil actions, prisoners would easily circumvent the normal filing process for civil actions and abuse habeas corpus.")

Therefore, the Court should dismiss the habeas corpus petition.

## VI. **Conclusion**

For the reasons stated above, the Court should deny the habeas petition and dismiss the case with a certification that any appeal would be frivolous, lacking in probable cause, and not taken in good faith.

          Respectfully submitted,

          PETER J. SMITH
          United States Attorney

          _____
          MARK E. MORRISON
          Chief, Civil Division
          PA 43875
          CYNTHIA E. ROMAN
          Paralegal Specialist
          240 West Third Street
          Suite 316 Federal Building
          Williamsport, PA 17701
          Phone: (717)221-4482
          Facsimile: (717)332-2246
          Email: Mark.E.Morrison@usdoj.gov

Date: September 17, 2012

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON LANDOR, | : | No. 1:CV-12-1329 |
| Petitioner | : | |
| | : | |
| v. | : | (Caldwell, J.) |
| | : | (Carlson, M.J.) |
| ERIC D. WILSON, and | : | |
| TIMOTHY HARDIN, Lieutenant, | : | |
| Respondents | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 17, 2012, she served a copy of the attached

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Damon Landor
Reg. No. 28711-034
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

/s/ Cynthia E. Roman
CYNTHIA E. ROMAN
Paralegal Specialist