PJS:MEM:cer

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMON LANDOR,** | : | **No. 1:CV-12-1329** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **(Caldwell, J.)** |
| | : | **(Carlson, M.J.)** |
| **ERIC D. WILSON, and** | : | |
| **TIMOTHY HARDIN, Lieutenant,** | : | |
| **Respondents** | : | **Filed Electronically** |

## EXHIBITS IN SUPPORT OF
## RESPONSE PETITION FOR WRIT OF HABEAS CORPUS

Respectfully submitted,

PETER J. SMITH
United States Attorney

_____

MARK E. MORRISON
Chief, Civil Division
PA 43875
CYNTHIA E. ROMAN
Paralegal Specialist
240 West Third Street
Suite 316 Federal Building
Williamsport, PA 17701
Phone: (717)221-4482
Facsimile: (717)332-2246
Email: Mark.E.Morrison@usdoj.gov

Date: September 17, 2012

## <u>INDEX OF EXHIBITS</u>

| | | |
|---|---|---|
| Exhibit 1 | | Declaration of Michael S. Romano |
| | Attachment A | Public Information Inmate Data |
| | Attachment B | Inmate Discipline Data – Chronological Record |
| | Attachment C | Regional Administrative Remedy Appeal 577096-R1 |
| | Attachment D | Inmate History |
| | Attachment E | Omitted |
| | Attachment F | Omitted |
| | Attachment G | DHO Packet |
| | Attachment H | Omitted |
| Exhibit 2 | | Declaration of D. Weber |
| | Attachment A | Good Time Data |
| | Attachment B | Inmate Discipline Data – Chronological Record (Omitted as duplicative) |
| Exhibit 3 | | Program Statement 5270.10, <u>Special Management Units</u> |

# Exhibit 1



GOVERNMENT
EXHIBIT
1

IN THE UNITED STATES DISTRICT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAMON LANDOR,                          )
   Petitioner               )
          )  1:12 CV 1329
v.                                                    )
                                                       )
ERIC D. WILSON                        )
RESPONDENT                        )

### Declaration of Michael S. Romano

I, Michael S. Romano, hereby state:

1.  I am currently employed by the Federal Bureau of Prisons as an Attorney Advisor at the United States Penitentiary (USP) at Lewisburg, Pennsylvania.  As part of my duties, I have access to inmate records and files which are maintained in the regular course of business.

2.  The Petitioner, Damon Landor, Reg. No. 28711-034, is currently incarcerated at the United States Penitentiary (USP) Lewisburg.  He was convicted in the United States District Court, Eastern District of Louisiana for drug related charges.  He has a projected GCT release of October 4, 2012 (as of September 4, 2012).  **See Attachment A, Public Information Inmate Data.**

3.  On January 6, 2009, Landor received an incident report for possession of a weapon (Code 104).  While at USP McCreary he had a DHO hearing on January 21, 2010.  For procedural reasons it was re-heard on March 23, 2011, at USP Lewisburg.  The incident report was re-written and is included in the DHO packet.
**See Attachment B, Inmate Discipline Data Chronological Record (pages 4 & 7)**

4.  Pursuant to an administrative remedy (May 5, 2010), the Mid-Atlantic Regional Director remanded the incident report to the institution for further investigation.  **See Attachment C, Regional Administrative Remedy Response to Remedy No. 577096-R1.**

5.  Landor was transferred to and arrived at USP Lewisburg on May 11, 2010.
**See Attachment D, Inmate History, Adm-Rel.**

6.  Records indicate that Landor had requested the status of the re-hearing from the Discipline Hearing Officer (DHO) Office at USP Lewisburg on several occasions.  The DHO office requested an update as to the re-write of the incident report starting as early as August 31, 2010.  **See Attachments E, August 6, 30, 2010, Inmate Cop outs; F, an August 31, 2010, e-mail from Marcy Inch to Kevin Littlejohn.**

7.      The incident report was re-written on December 7, 2010 and was delivered to the inmate the same day. The DHO was only able to conduct the re-hearing on March 23, 2011. **See Attachment G, DHO Report and Packet dated March 23, 2011.**

8.      The Bureau of Prisons has a three level administrative remedy process which is a method by which an inmate may seek formal review of a complaint related to any aspect of his confinement if less formal procedures have not resolved the problem. Normally, this process involves the filing of a request for administrative relief (BP-9) to the Warden of the institution where the inmate is confined. For tracking purposes, institution level requests are assigned a tracking number followed by an "F".

9.      In the event the inmate is dissatisfied with the Warden's response, he may file an appeal (BP-10) to the Regional Director. Regional filings maintain the same tracking number, followed by an "R".

10.     If the inmate is dissatisfied with the Regional Director's response, he has 30 days to file an appeal to the General Counsel (BP-11). See 28 CFR Part 542, subpart B. Central Office level appeals maintain the same tracking number, followed by an "A." A decision by the Bureau of Prisons is not final, and hence not reviewable, until relief has been denied by the General Counsel's Office. 28 CFR § 542.15.

11.     A review of the SENTRY computer generated Administrative Remedy Generalized Retrieval was performed. The search revealed Landor has filed 105 administrative remedies (as of September 4, 2012). **See Attachment H, Administrative Remedy Generalized Retrieval.**

12.     Landor appealed the March 23, 2011, DHO re-hearing of IR. No.1818253 directly to the Northeast Regional Office. Records indicate Remedy No. 635867-R1 was received in the Northeast Regional office on April 14, 2011. It was rejected on April 19, 2011. The rejection codes reflect: "QUA OTH RSR". **See Attachment H, Administrative Remedy Generalized Retrieval page 46.**

13.     The codes "QUA OTH RSR" are explained in the attachment to the administrative remedy program statement:
        a. "QUA" indicates a completes set of copies were not submitted;
        b. "OTH" indicates rejected for a reason listed in the remarks section of the remedy printout;
        c. "RSR" indicates the petitioner was given 10 days to re-submit in the proper form.
**See Attachment I, Status Codes for Administrative Remedies.**

14.     Landor resubmitted the appeal to the regional office on May 9, 2011 (635867-R2). It was rejected on May 24, 2011. **See Attachment H, Administrative Remedy Generalized Retrieval page 46.**

15.     Landor again re-submitted the appeal to the regional office on June 6, 2011. It was denied on July 7, 2011. **See Attachment H, Administrative Remedy Generalized Retrieval page 47.**

16.     He appealed to the central office (national level, Office of the General Counsel) on
July 22, 2011.  It was rejected on August 22, 2011.  **See Attachment H, Administrative
Remedy Generalized Retrieval, page 47.**

17.     The codes related to the rejection " OTH RSR" are explained in the attachment to the
administrative remedy program statement:
     a.  "OTH" indicates rejected for a reason listed in the remarks section of the remedy
printout;
     b.  "RSA" indicates the petitioner was given 15 days to re-submit in the proper form.
**See Attachment I, Status Codes for Administrative Remedies.**

18.     Records indicate he did not attempt to re-submit to the national level.
**See Attachment H, Administrative Remedy Generalized Retrieval.**

I hereby state under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746 that the
above is accurate to the best of my knowledge.

_____          _____
Michael S. Romano                                              Date
Attorney Advisor
USP Lewisburg

# Attachment A

```
LEWAJ            *          PUBLIC INFORMATION          *       09-04-2012
PAGE 001         *             INMATE DATA              *       12:53:04
                              AS OF 09-04-2012


REGNO..: 28711-034 NAME: LANDOR, DAMON

                  RESP OF: LEW
                  PHONE..: 570-523-1251    FAX: 570-522-7745
                                           RACE/SEX...: BLACK / MALE
                                           AGE: 33
PROJ REL MT: GOOD CONDUCT TIME RELEASE     PAR ELIG DT: N/A
PROJ REL DT: 10-04-2013                    PAR HEAR DT:
```

G0002       MORE PAGES TO FOLLOW . . .

```
    LEWAJ          *        PUBLIC INFORMATION      *      09-04-2012
  PAGE 002         *           INMATE DATA          *      12:53:04
                             AS OF 09-04-2012
```

REGNO..: 28711-034 NAME: LANDOR, DAMON

```
                RESP OF: LEW
                PHONE..: 570-523-1251    FAX: 570-522-7745
HOME DETENTION ELIGIBILITY DATE: 04-04-2013
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  10-04-2013 VIA GCT REL

-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: LOUISIANA, EASTERN DISTRICT
DOCKET NUMBER...................: 03-355 K (1)
JUDGE...........................: DUVAL
DATE SENTENCED/PROBATION IMPOSED: 07-07-2004
DATE COMMITTED..................: 08-31-2004
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:   $100.00        $00.00       $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00
```

-------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  391
OFF/CHG: CONSPIRACY TO DISTRIBUTE AND TO POSSESS WITH INTENT TO
         DISTRIBUTE COCAINE HYDROCHLORIDE T21USC841(A)(1);(B)(1)(B);846

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   120 MONTHS
 TERM OF SUPERVISION............:     8 YEARS
 DATE OF OFFENSE................: 11-13-2003
```

G0002       MORE PAGES TO FOLLOW . . .

```
   LEWAJ          *            PUBLIC INFORMATION          *        09-04-2012
PAGE 003 OF 003 *               INMATE DATA               *        12:53:04
                              AS OF 09-04-2012
```

REGNO..: 28711-034 NAME: LANDOR, DAMON

```
                  RESP OF: LEW
                  PHONE..: 570-523-1251   FAX: 570-522-7745
------------------------CURRENT COMPUTATION NO: 010 -------------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 08-20-2012 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-13-2012 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 07-07-2004
TOTAL TERM IN EFFECT............:  120 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   10 YEARS
EARLIEST DATE OF OFFENSE........: 11-13-2003
```

```
JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    11-22-2003     07-06-2004
```

```
TOTAL PRIOR CREDIT TIME.........: 228
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 47
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 10-04-2013
EXPIRATION FULL TERM DATE.......: 11-20-2013
```

```
PROJECTED SATISFACTION DATE.....: 10-04-2013
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

**Attachment B**

```
   LEWAJ          *         INMATE DISCIPLINE DATA          *      08-30-2012
PAGE 001          *     CHRONOLOGICAL DISCIPLINARY RECORD    *      10:43:59

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ____ MOS PRIOR TO 08-30-2012


--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2342485 - SANCTIONED INCIDENT DATE/TIME: 08-23-2012 1150
UDC HEARING DATE/TIME: 08-28-2012 1452
FACL/UDC/CHAIRPERSON.: LEW/ADAMI SMU/B.THARP
REPORT REMARKS.......: TO CHANGE NEG BEHAVIOR UDC FOUNDTHE INMATE GUILTY OF COM
                           MITTING THE PROHIBITED ACTS
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP PHONE   / 30 DAYS / CS
         COMP:    LAW:    INMATE REFUSED TO APPEAR
    330  BEING UNSANITARY OR UNTIDY - FREQ: 1
         LP COMM    / 30 DAYS / CS
         COMP:    LAW:    INMATE REFUSED TO APPEAR
    399  DISRUPTIVE CONDUCT-MODERATE - FREQ: 1
         LP COMM    / 30 DAYS / CS
         COMP:    LAW:.   INMATE REFUSED TO APPEAR
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2303960 - SANCTIONED INCIDENT DATE/TIME: 05-15-2012 1315
DHO HEARING DATE/TIME: 08-15-2012 0800
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DENIES JERKING WHILE REMOVING RESTRAINTS, STRIKING R/O'S
                           WRIST AND ARM AGAINST SLOT, CLAIMS ALL A FABRICATION
HEARING IS ALSO BASIS FOR EXECUTION OF LP COMM     SUSPENDED 05-23-2012 0800
                              LP VISIT    SUSPENDED 05-23-2012 0800
    224  ASSAULTING W/O SERIOUS INJURY - FREQ: 1 ATI: SF2 RFP: D
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P
         DS         /  90 DAYS / CS
         COMP:    LAW:
         IMPOUND    / 120 DAYS / CS
         COMP:    LAW:    ALL PROPERTY EXCEPT LEGAL AND RELIG. MATERIAL
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2316019 - SANCTIONED INCIDENT DATE/TIME: 06-15-2012 1210
UDC HEARING DATE/TIME: 06-20-2012 1510
FACL/UDC/CHAIRPERSON.: LEW/ADAMI SMU/B.THARP
REPORT REMARKS.......: TO CHANGE NEG BEHAVIOR, UDC FOUND THE INMATE GUILTY OF C
                           OMMITTING THE PROHIBITED ACTS. REFUSED TO APPEAR
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP VISIT   / 30 DAYS / CS
         COMP:    LAW:    TO CHANGE NEG BEHAVIOR
    329  DESTROY PROP $100 OR LESS - FREQ: 1
         LP PHONE   / 30 DAYS / CS
         COMP:    LAW:    TO CHANGE NEG BEHAVIOR




G0002        MORE PAGES TO FOLLOW . . .
```

```
     LEWAJ          *      INMATE DISCIPLINE DATA      *      08-30-2012
     PAGE 002       *   CHRONOLOGICAL DISCIPLINARY RECORD   *      10:43:59

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012


----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2299020 - SANCTIONED INCIDENT DATE/TIME: 05-02-2012 1340
DHO HEARING DATE/TIME: 05-23-2012 0800
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: ADMITS TYING NOSSE AROUND NECK AND HANGING HIMSELF FROM
                       AIR VENT BECAUSE HE WAS UPSET HIS REC WAS TAKEN....
    228A TATTOOING OR SELF-MUTILATION - FREQ: 1
         DIS GCT     / 27 DAYS / CS
         COMP:010 LAW:P
         DS          / 30 DAYS / CS
         COMP:    LAW:
         LP COMM     / 120 DAYS / CS / SUSPENDED 180 DAYS
                     EXECUTED BASED ON HEARING OF 08-15-2012 0800
         COMP:    LAW:
         LP VISIT    / 120 DAYS / CS / SUSPENDED 180 DAYS
                     EXECUTED BASED ON HEARING OF 08-15-2012 0800
         COMP:    LAW:
----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2302635 - SANCTIONED INCIDENT DATE/TIME: 05-11-2012 1215
UDC HEARING DATE/TIME: 05-16-2012 1500
FACL/UDC/CHAIRPERSON.: LEW/ADAMI SMU/B.THARP
APPEAL CASE NUMBER(S): 692443
REPORT REMARKS.......: TO CHANGE NEG BEHAVIOR UDC SANCTIONED 60 DAYS LOSS OF CO
                       MMISSARY
    312  BEING INSOLENT TO STAFF MEMBER - FREQ: 1
         LP COMM     / 30 DAYS / CS
         COMP:    LAW:    TO CHANGE NEGATIVE BEHAVIOR
    330  BEING UNSANITARY OR UNTIDY - FREQ: 1
         LP COMM     / 30 DAYS / CS
         COMP:    LAW:    TO CHANGE NEGATIVE BEHAVIOR
----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2152204 - SANCTIONED INCIDENT DATE/TIME: 04-18-2011 1825
DHO HEARING DATE/TIME: 05-05-2011 1441
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DECLINED TO APPEAR;STATED"I AIN'T CUFFING UP AND I GOT
                       SOMETHING FOR YOU AND ANYBODY ELSE THAT COMES IN HERE"
    203  THREATENING BODILY HARM - FREQ: 1 ATI: SN1
         DIS GCT     / 27 DAYS / CS
         COMP:010 LAW:P
         DS          / 30 DAYS / CS
         COMP:    LAW:
         LP COMM     / 90 DAYS / CS
         COMP:    LAW:
         LP PHONE    / 90 DAYS / CS
         COMP:    LAW:


G0002      MORE PAGES TO FOLLOW . . . .
```

```
    LEWAJ         *        INMATE DISCIPLINE DATA        *    08-30-2012
    PAGE 003      *     CHRONOLOGICAL DISCIPLINARY RECORD  *    10:43:59

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012

DHO HEARING DATE/TIME: 05-05-2011 1441    REPORT 2152204 CONTINUED
         LP VISIT    / 90 DAYS / CS
         COMP:   LAW:
----------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2133109 - SANCTIONED INCIDENT DATE/TIME: 03-04-2011 1715
DHO HEARING DATE/TIME: 05-05-2011 1440
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DECLINED TO APPEAR; THREATENED OFFICER,"I'M GOING TO GET
                       YOU AND FUCK YOU UP IF YOU OPEN THIS WICKET."
    203  THREATENING BODILY HARM - FREQ: 1 ATI: SN1
         DIS GCT     / 27 DAYS / CS
         COMP:010 LAW:P
         DS          / 30 DAYS / CS
         COMP:   LAW:
         LP COMM     / 90 DAYS / CS
         COMP:   LAW:
         LP VISIT    / 90 DAYS / CS
         COMP:   LAW:
----------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2152115 - SANCTIONED INCIDENT DATE/TIME: 04-18-2011 0850
UDC HEARING DATE/TIME: 04-20-2011 1622
FACL/UDC/CHAIRPERSON.: LEW/D-BLOCK/NICHOLAS
REPORT REMARKS.......: NO COMMENT.
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP VISIT    / 15 DAYS / CS
         COMP:   LAW:   15 DAYS LOSS OF VISITING.
----------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2152352 - SANCTIONED INCIDENT DATE/TIME: 04-18-2011 1615
UDC HEARING DATE/TIME: 04-20-2011 1620
FACL/UDC/CHAIRPERSON.: LEW/D-BLOCK/M. EDINGER
REPORT REMARKS.......: INMATE FOUND GUILTY SANCTIONED AT THE UDC LEVEL
    312  BEING INSOLENT TO STAFF MEMBER - FREQ: 1
         LP COMM     / 30 DAYS / CS
         COMP:   LAW:   SANCTIONED TO DETER FUTURE MISCONDUCT
    320  FAILING TO STAND COUNT - FREQ: 1
         LP COMM     / 30 DAYS / CS
         COMP:   LAW:   SANCTIONED TO DETER FUTURE MISCONDUCT
----------------------------------------------------------------------
REPORT NUMBER........: 2152204 (REHEARD 05-05-2011 1441)
UDC HEARING DATE/TIME: 04-20-2011 1619
```

G0002       MORE PAGES TO FOLLOW . . .

```
     LEWAJ          *        INMATE DISCIPLINE DATA          *      08-30-2012
    PAGE 004        *     CHRONOLOGICAL DISCIPLINARY RECORD   *      10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012

--------------------------------------------------------------------------

REPORT NUMBER/STATUS.: 2152239 - SANCTIONED INCIDENT DATE/TIME: 04-18-2011 2025.
UDC HEARING DATE/TIME: 04-20-2011 1615
FACL/UDC/CHAIRPERSON.: LEW/D-BLOCK/M. EDINGER
REPORT REMARKS.......: INMATE FOUND GUILTY SANCTIONED AT THE UDC LEVEL
    305  POSSESSING UNAUTHORIZED ITEM - FREQ: 1
         LP COMM    / 30 DAYS / CS
         COMP:   LAW:    SANCTIONED TO DETER FUTURE MISCONDUCT
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1818253 - SANCTIONED INCIDENT DATE/TIME: 01-06-2009 0915
DHO HEARING DATE/TIME: 03-23-2011 0945
FACL/CHAIRPERSON.....: LEW/D. BREWER
APPEAL CASE NUMBER(S): 635867, 613428, 577096
REPORT REMARKS.......: REHEARING ORDERED BY THE MID-ATLANTIC REGIONAL OFFICE.
                       REAFFIRM DHO'S FINDINGS AND SANCTIONS.
    104  POSSESSING A DANGEROUS WEAPON - FREQ: 1
         DIS GCT    / 40 DAYS / CS
         COMP:010 LAW:P
         DS         / 30 DAYS / CS
         COMP:   LAW:
         LP VISIT   / 180 DAYS / CS
         COMP:   LAW:
         TRANSFER   / CS
         COMP:   LAW:   DISCIPLINARY TRANSFER
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2133110 - SANCTIONED INCIDENT DATE/TIME: 03-04-2011 1345
DHO HEARING DATE/TIME: 03-23-2011 0930
FACL/CHAIRPERSON.....: LEW/D. BREWER
REPORT REMARKS.......: INMATE STATED, "MY DUE PROCESS RIGHTS HAVE BEEN
                       VIOLATED."
    208  INTERFERING WITH SECRY DEVICES - FREQ: 1
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P
         DS         / 30 DAYS / CS
         COMP:   LAW:
         LP COMM    / 120 DAYS / CS
         COMP:   LAW:
         LP PHONE   / 120 DAYS / CS
         COMP:   LAW:
         LP VISIT   / 120 DAYS / CS
         COMP:   LAW:
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP COMM    / 60 DAYS / CS
         COMP:   LAW:
         LP PHONE   / 60 DAYS / CS
         COMP:   LAW:


  G0002        MORE PAGES TO FOLLOW . . .
```

```
    LEWAJ          *      INMATE DISCIPLINE DATA         *     08-30-2012
  PAGE 005         *    CHRONOLOGICAL DISCIPLINARY RECORD  *     10:43:59

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 08-30-2012


-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2134905 - SANCTIONED INCIDENT DATE/TIME: 03-08-2011 1000
UDC HEARING DATE/TIME: 03-11-2011 1401
FACL/UDC/CHAIRPERSON.: LEW/D-BLOCK/NICHOLAS
REPORT REMARKS.......: INMATE DECLINED TO MAKE A STATEMENT.
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP VISIT  / 15 DAYS / CS
         COMP:   LAW:   15 DAYS LOSS OF VISITING.
-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2097285 - SANCTIONED INCIDENT DATE/TIME: 12-03-2010 1730
UDC HEARING DATE/TIME: 12-07-2010 0904
FACL/UDC/CHAIRPERSON.: LEW/D-BLOCK/M. EDINGER
REPORT REMARKS.......: INMATE FOUND GUILTY SANCTIONED AT THE UDC LEVEL
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP VISIT  / 15 DAYS / CS
         COMP:   LAW:   SANCTIONED TO DETER FUTURE MISCONDUCT
    398  INTERFERING W/STAFF-MODERATE - FREQ: 1
         LP VISIT  / 15 DAYS / CS
         COMP:   LAW:   SANCTIONED TO DETER FUTURE MISCONDUCT
-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2077258 - SANCTIONED INCIDENT DATE/TIME: 10-12-2010 1033
UDC HEARING DATE/TIME: 10-14-2010 1030
FACL/UDC/CHAIRPERSON.: LEW/D-BLOCK/M. EDINGER
REPORT REMARKS.......: INMATE FOUND GUILTY SANCTIONED AT THE UDC LEVEL
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP VISIT  / 15 DAYS / CS
         COMP:   LAW:   SANCTIONED TO DETER FUTURE MISCONDUCT
-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2062198 - SANCTIONED INCIDENT DATE/TIME: 09-03-2010 0906
UDC HEARING DATE/TIME: 09-05-2010 1250
FACL/UDC/CHAIRPERSON.: LEW/D-BLOCK/M. EDINGER
REPORT REMARKS.......: INMATE FOUND GUILTY SANCTIONED AT THE UDC LEVEL
    317  FAILING TO FOLLOW SAFETY REGS - FREQ: 1
         LP VISIT  / 15 DAYS / CS
         COMP:   LAW:   SANCTIONED TO DETER FUTURE MISCONDUCT
-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2036697 - SANCTIONED INCIDENT DATE/TIME: 07-05-2010 1200
DHO HEARING DATE/TIME: 09-01-2010 1121
FACL/CHAIRPERSON.....: LEW/BITTENBEND
REPORT REMARKS.......: DENIED THREATENING TO THROW FECES ON STAFF AND BLOCKING
                       SLOT WITH ARM
    203  THREATENING BODILY HARM - FREQ: 1 ATI: SN1
         DIS GCT   / 27 DAYS / CS
         COMP:010 LAW:P
         DS        / 30 DAYS / CS
         COMP:   LAW:


G0002       MORE PAGES TO FOLLOW . . .
```

```
    LEWAJ          *        INMATE DISCIPLINE DATA        *      08-30-2012
    PAGE 006       *     CHRONOLOGICAL DISCIPLINARY RECORD    *      10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO . LIMIT TO ___ MOS PRIOR TO 08-30-2012

DHO HEARING DATE/TIME: 09-01-2010 1121    REPORT 2036697 CONTINUED
         IMPOUND    / 2 MONTHS / CS
         COMP:  LAW:   ALL PROPERTY EXCEPT LEGAL AND RELIGIOUS MATERIAL
     208  INTERFERING WITH SECRY DEVICES - FREQ: 4
         DIS GCT   / 54 DAYS / CS
         COMP:010 LAW:P
         DS        / 60 DAYS / CS
         COMP:  LAW:
         LP COMM   / 8 MONTHS / CS
         COMP:  LAW:
         LP PHONE  / 8 MONTHS / CS
         COMP:  LAW:
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2036698 - SANCTIONED INCIDENT DATE/TIME: 07-04-2010 1840
DHO HEARING DATE/TIME: 09-01-2010 1116
FACL/CHAIRPERSON.....: LEW/BITTENBEND
REPORT REMARKS.......: NO COMMENT-BLOCKED WICKET WITH ARM
     208  INTERFERING WITH SECRY DEVICES - FREQ: 3
         DIS GCT   / 54 DAYS / CS
         COMP:010 LAW:P
         DS        / 60 DAYS / CS
         COMP:  LAW:
         LP PHONE  / 6 MONTHS / CS
         COMP:  LAW:
         LP VISIT  / 6 MONTHS / CS
         COMP:  LAW:
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2031793 - SANCTIONED INCIDENT DATE/TIME: 06-23-2010 1330
UDC HEARING DATE/TIME: 07-29-2010 1300
FACL/UDC/CHAIRPERSON.: LEW/D-BLOCK/ADERHOLD
APPEAL CASE NUMBER(S): 596161
REPORT REMARKS.......: SANCTIONED AT UDC LEVEL INMATE FOUND GUILTY
     307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP VISIT  / 30 DAYS / CS
         COMP:  LAW:   SANCTIONED TO DETER FUTURE MISCONDUCT
--------------------------------------------------------------------------
REPORT NUMBER........: 2031793 (REHEARD 07-29-2010 1300)
UDC HEARING DATE/TIME: 06-24-2010 1430
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1990336 - SANCTIONED INCIDENT DATE/TIME: 03-13-2010 1355
DHO HEARING DATE/TIME: 03-16-2010 0700
FACL/CHAIRPERSON.....: MCR/RAITT
REPORT REMARKS.......: INMATE DENIED THE CHARGE




G0002      MORE PAGES TO FOLLOW . . .
```

```
    LEWAJ           *        INMATE DISCIPLINE DATA        *      08-30-2012
  PAGE 007          *    CHRONOLOGICAL DISCIPLINARY RECORD  *      10:43:59

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT        FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 08-30-2012

DHO HEARING DATE/TIME: 03-16-2010 0700    REPORT 1990336 CONTINUED
  208   INTERFERING WITH SECRY DEVICES - FREQ: 1
        DIS GCT    / 27 DAYS / CS
        COMP:010 LAW:P   DISALLOWED 27 DAYS OF GCT
        DS         / 30 DAYS / CS
        COMP:    LAW:    30 DAYS DISCIPLINARY SEGREGATION
------------------------------------------------------------------------
REPORT NUMBER........: 1818253 (REHEARD 03-23-2011 0945)
DHO HEARING DATE/TIME: 01-21-2010 0730
------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1831031 - SANCTIONED INCIDENT DATE/TIME: 02-08-2009 1240
DHO HEARING DATE/TIME: 02-26-2009 1000
FACL/CHAIRPERSON.....: MCR/RAITT
REPORT REMARKS.......: INMATE ADMITTED TO SPITTING AT THE OFFICER
  224   ASSAULTING W/O SERIOUS INJURY - FREQ: 1 ATI: SM1 RFP: D
        DIS GCT    / 27 DAYS / CS
        COMP:010 LAW:P   DISALLOWED 27 DAYS OF GCT
        DS         / 30 DAYS / CS
        COMP:    LAW:    30 DAYS DISCIPLINARY SEGREGATION
        LP PHONE   / 180 DAYS / CS
        COMP:    LAW:    180 DAYS LOSS OF PHONE
        TRANSFER   / CS
        COMP:    LAW:    RECOMMEND DISCIPLINARY TRANSFER
------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1830365 - SANCTIONED INCIDENT DATE/TIME: 02-05-2009 2100
DHO HEARING DATE/TIME: 02-11-2009 0715
FACL/CHAIRPERSON.....: MCR/RAITT
REPORT REMARKS.......: INMATE REFUSED TO APPEAR BEFORE THE DHO
  208   INTERFERING WITH SECRY DEVICES - FREQ: 1
        DIS GCT    / 27 DAYS / CS
        COMP:010 LAW:P   DISALLOWED 27 DAYS OF GCT
        DS         / 30 DAYS / CS
        COMP:    LAW:    30 DAYS DISCIPLINARY SEREGATION
------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1826077 - SANCTIONED INCIDENT DATE/TIME: 01-26-2009 1900
DHO HEARING DATE/TIME: 02-05-2009 0900
FACL/CHAIRPERSON.....: MCR/RAITT
APPEAL CASE NUMBER(S): 531154
REPORT REMARKS.......: INMATE ADMITTED TO THE CHARGE
  224   ASSAULTING W/O SERIOUS INJURY - FREQ: 1 ATI: SM1 RFP: D
        DIS GCT    / 27 DAYS / CS
        COMP:010 LAW:P   DISALLOW 27 DAYS OF GCT
        DS         / 30 DAYS / CS
        COMP:    LAW:    30 DAYS DISCIPLINARY SEGREGATION




  G0002      MORE PAGES TO FOLLOW . . .
```

```
    LEWAJ          *        INMATE DISCIPLINE DATA         *        08-30-2012
 PAGE 008          *     CHRONOLOGICAL DISCIPLINARY RECORD   *        10:43:59
```

```
REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012
```

```
DHO HEARING DATE/TIME: 02-05-2009 0900     REPORT 1826077 CONTINUED
          LP COMM    / 120 DAYS / CS
          COMP:   LAW:   120 DAYS LOSS OF COMMISSARY
```
---
```
REPORT NUMBER/STATUS.: 1816337 - SANCTIONED INCIDENT DATE/TIME: 12-30-2008 1030
UDC HEARING DATE/TIME: 01-07-2009 1415
FACL/UDC/CHAIRPERSON.: MCR/1B/T.LUMLEY
REPORT REMARKS.......: I/R WAS REFERED BACK TO UDC FROM DHO ON 01-07-09 INMATE
                       STATED HE SIGNED RPGU CONTRACT UNDER DURESS
     313  LYING OR FALSIFYING STATEMENT - FREQ: 1
          LP COMM    / 120 DAYS / CS
          COMP:   LAW:   EFFECTIVE AT END OF CURRENT SANCTIONS
     316  BEING IN UNAUTHORIZED AREA - FREQ: 1
          LP PHONE   / 120 DAYS / CS
          COMP:   LAW:   EFFECTIVE AT END OF CURRENT SANCTIONS
```
---
```
REPORT NUMBER/STATUS.: 1808940 - SANCTIONED INCIDENT DATE/TIME: 12-09-2008 1135
UDC HEARING DATE/TIME: 12-12-2008 1147
FACL/UDC/CHAIRPERSON.: MCR/6B/BROUGHTON
REPORT REMARKS.......: INMATE STATED HE DIDN'T REFUSE.
     307  REFUSING TO OBEY AN ORDER - FREQ: 1
          LP COMM    / 30 DAYS / CS
          COMP:   LAW:
```
---
```
REPORT NUMBER/STATUS.: 1795602 - SANCTIONED INCIDENT DATE/TIME: 11-02-2008 1230
UDC HEARING DATE/TIME: 11-05-2008 1400
FACL/UDC/CHAIRPERSON.: MCR/1B/T.LUMLEY
REPORT REMARKS.......: INMATE STATED HE DID NOT DO IT.
     300  INDECENT EXPOSURE - FREQ: 1
          LP COMM    / 90 DAYS / CS
          COMP:   LAW:   EFFECTIVE 11-05-08
          LP PHONE   / 90 DAYS / CS
          COMP:   LAW:   EFFECTIVE 11-05-08
```
---
```
REPORT NUMBER/STATUS.: 1772736 - SANCTIONED INCIDENT DATE/TIME: 08-29-2008 1730
DHO HEARING DATE/TIME: 09-03-2008 0935
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: STATES HE DOESN'T RECALL INCIDENT - BLOCKED WICKET WITH
                       ARM
     208  INTERFERING WITH SECRY DEVICES - FREQ: 1
          DIS GCT    / 27 DAYS / CS
          COMP:010 LAW:P
          DS         / 30 DAYS / CS
          COMP:   LAW:
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

```
   LEWAJ         *     INMATE DISCIPLINE DATA      *      08-30-2012
   PAGE 009       *   CHRONOLOGICAL DISCIPLINARY RECORD    *    10:43:59

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT        FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012


DHO HEARING DATE/TIME: 09-03-2008 0935     REPORT 1772736 CONTINUED
        IMPOUND     / 90 DAYS / CS
        COMP:   LAW:    IMPOUND ALL PROPERTY EXCEPT LEGAL AND RELIG.
                          MATERIAL
        LP COMM    / 90 DAYS / CS
        COMP:    LAW:
        LP PHONE   / 90 DAYS / CS
        COMP:   LAW:
        LP VISIT   / 90 DAYS / CS
        COMP:   LAW:
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1761779 - SANCTIONED INCIDENT DATE/TIME: 08-01-2008 1115
DHO HEARING DATE/TIME: 09-03-2008 0930
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DENIED STATES HE DOESN'T RECALL INCIDENT - BLOCKED
                       WICKET WITH ARM
    208  INTERFERING WITH SECRY DEVICES - FREQ: 1
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P
         DS         / 30 DAYS / CS
         COMP:    LAW:
         IMPOUND    / 120 DAYS / CS
         COMP:    LAW:    ALL PROPERTY EXCEPT LEGAL AND RELIG. MATERIAL
         LP PHONE   / 120 DAYS / CS
         COMP:    LAW:
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1761113 - SANCTIONED INCIDENT DATE/TIME: 07-30-2008 1845
DHO HEARING DATE/TIME: 09-03-2008 0925
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: NO COMMENT - STATES HE DOESN'T RECALL INCIDENT - BLOCKED
                       KEYWAY OF HIS SHU CELL
    208  INTERFERING WITH SECRY DEVICES - FREQ: 1
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P
         DS         / 30 DAYS / CS
         COMP:    LAW:
         LP COMM    / 120 DAYS / CS
         COMP:    LAW:
         LP VISIT   / 120 DAYS / CS
         COMP:    LAW:


G0002      MORE PAGES TO FOLLOW . . .
```

```
LEWAJ          *       INMATE DISCIPLINE DATA        *      08-30-2012
PAGE 010       *     CHRONOLOGICAL DISCIPLINARY RECORD  *    10:43:59


REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT     FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012

--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1758635 - SANCTIONED INCIDENT DATE/TIME: 07-24-2008 1250
DHO HEARING DATE/TIME: 09-03-2008 0920
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: NO COMMENT - STATES HE DOESN'T RECALL INCIDENT - THREW
                       URINE ON OFCR., STRIKING HIM IN THE FACE
    101  ASSAULTING WITH SERIOUS INJURY - FREQ: 1 ATI: SH1 RFP: D
         DIS GCT    / 41 DAYS / CS
         COMP:010 LAW:P
         DS         / 60 DAYS / CS
         COMP:   LAW:
         LP COMM    / 180 DAYS / CS
         COMP:   LAW:
         LP PHONE   / 180 DAYS / CS
         COMP:   LAW:
         LP VISIT   / 180 DAYS / CS
         COMP:   LAW:    IMPOUND ALL INMATE'S PROPERTY FOR 180 DAYS WITH
                        THE EXCEPTION OF LEGAL AND RELIGIOUS MATERIAL
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1761135 - SANCTIONED INCIDENT DATE/TIME: 07-30-2008 1340
DHO HEARING DATE/TIME: 09-03-2008 0915
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: ADMITS 4 1/2" SHARP. INST. FOUND IN SHU CELL MATTRESS
    104  POSSESSING A DANGEROUS WEAPON - FREQ: 1
         DIS GCT    / 41 DAYS / CS
         COMP:010 LAW:P
         DS         / 60 DAYS / CS
         COMP:   LAW:    IMPOUND ALL INMATE'S PROPERTY FOR 90 DAYS WITH
                        EXCEPT OF LEGAL AND RELIG. MATERIAL
         LP COMM    / 180 DAYS / CS
         COMP:   LAW:
         LP PHONE   / 180 DAYS / CS
         COMP:   LAW:
         LP VISIT   / 180 DAYS / CS
         COMP:   LAW:
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1760018 - SANCTIONED INCIDENT DATE/TIME: 07-28-2008 1325
DHO HEARING DATE/TIME: 07-30-2008 1430    (ABSENTIA)
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DECLINED TO APPEAR - REFUSED TO WEAR JUMPSUIT DURING
                       REC AND RETURN FROM REC WHEN IT WAS OVER
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         DIS GCT    / 14 DAYS / CS
         COMP:010 LAW:P
         DS         / 15 DAYS / CS
         COMP:   LAW:


G0002       MORE PAGES TO FOLLOW . . .
```

```
   LEWAJ          *        INMATE DISCIPLINE DATA           *      08-30-2012
PAGE 011          *    CHRONOLOGICAL DISCIPLINARY RECORD     *      10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT     FORMAT: CHRONO     LIMIT TO ____ MOS PRIOR TO 08-30-2012

DHO HEARING DATE/TIME: 07-30-2008 1430     REPORT 1760018 CONTINUED
          IMPOUND     / 90 DAYS / CS
          COMP:   LAW:   ALL PROPERTY EXCEPT LEGAL AND RELIGIOUS MATERIAL
          LP COMM     / 90 DAYS / CS
          COMP:   LAW:
          LP PHONE    / 90 DAYS / CS
          COMP:   LAW:
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1752822 - SANCTIONED INCIDENT DATE/TIME: 07-09-2008 1850
DHO HEARING DATE/TIME: 07-24-2008 1200
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: MASTURBATED AT FEMALE LT.- REFUSED TO
                       COMMENT OR ANSWER QUESTIONS
   205  ENGAGING IN SEXUAL ACTS - FREQ: 1 ATI: SN1
          DIS GCT    / 27 DAYS / CS
          COMP:010 LAW:P
          DS         / 30 DAYS / CS
          COMP:   LAW:
          LP COMM    / 120 DAYS / CS
          COMP:   LAW:
--------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1752002 - SANCTIONED INCIDENT DATE/TIME: 07-07-2008 2222
DHO HEARING DATE/TIME: 07-24-2008 1150
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: OFFERED OFCR. $ TO BEING IN CIGARETTES - REFUSED TO
                       COMMENT OR ANSWER QUESTIONS
   217A EXCHANGING MONEY FOR CONTRABND - FREQ: 1
          DIS GCT    / 27 DAYS / CS
          COMP:010 LAW:P
          DS         / 30 DAYS / CS
          COMP:   LAW:
          LP COMM    / 120 DAYS / CS
          COMP:   LAW:
          LP PHONE   / 120 DAYS / CS
          COMP:   LAW:
          LP VISIT   / 120 DAYS / CS
          COMP:   LAW:
          TRANSFER   / CS
          COMP:   LAW:

G0002      MORE PAGES TO FOLLOW . . .
```

```
   LEWAJ          *       INMATE DISCIPLINE DATA        *      08-30-2012
PAGE 012          *    CHRONOLOGICAL DISCIPLINARY RECORD  *      10:43:59

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 08-30-2012

----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1756276 - SANCTIONED INCIDENT DATE/TIME: 07-18-2008 1337
DHO HEARING DATE/TIME: 07-24-2008 1145
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DENIED MASTURBATED AT FEMALE OFCR., REFUSED TO COMMENT &
                       REFUSED TO ANSWER QUESTIONS
   205   ENGAGING IN SEXUAL ACTS - FREQ: 4 ATI: SN1
         DIS GCT    / 41 DAYS / CS
         COMP:010 LAW: P
         DS         / 60 DAYS / CS
         COMP:    LAW:
         IMPOUND    / 120 DAYS / CS
         COMP:    LAW:    ALL PROPERTY EXCEPT LEGAL AND RELIG. MATERIAL
         LP COMM    / 180 DAYS / CS
         COMP:    LAW:
         LP PHONE   / 120 DAYS / CS
         COMP:    LAW:
         LP VISIT   / 120 DAYS / CS
         COMP:    LAW:
----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1756125 - SANCTIONED INCIDENT DATE/TIME: 07-17-2008 1340
DHO HEARING DATE/TIME: 07-24-2008 1140
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DENIED MASTURBATED AT FEMALE OFCR., REFUSED TO COMMENT &
                       REFUSED TO ANSWER QUESTIONS
   205   ENGAGING IN SEXUAL ACTS - FREQ: 3 ATI: SN1
         DIS GCT    / 41 DAYS / CS
         COMP:010 LAW: P
         DS         / 60 DAYS / CS
         COMP:    LAW:
         IMPOUND    / 90 DAYS / CS
         COMP:    LAW:    ALL PROPERTY EXCEPT LEGAL AND RELIG. MATERIAL
         LP COMM    / 120 DAYS / CS
         COMP:    LAW:
         LP PHONE   / 120 DAYS / CS
         COMP:    LAW:
         LP VISIT   / 120 DAYS / CS
         COMP:    LAW:
----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1756123 - SANCTIONED INCIDENT DATE/TIME: 07-17-2008 1340
DHO HEARING DATE/TIME: 07-24-2008 1135
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DENIED MASTURBATED AT FEMALE TOWER OFCR., STATED SHE
                       COULDN'T SEE HIM ANYWAY - REFUSED TO ANSWER QUESTIONS



G0002      MORE PAGES TO FOLLOW . . .
```

```
    LEWAJ          *       INMATE DISCIPLINE DATA          *     08-30-2012
    PAGE 013       *    CHRONOLOGICAL DISCIPLINARY RECORD  *     10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012

DHO HEARING DATE/TIME: 07-24-2008 1135   REPORT 1756123 CONTINUED
    205  ENGAGING IN SEXUAL ACTS - FREQ: 2 ATI: SN1
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P
         DS         / 45 DAYS / CS
         COMP:    LAW:
         LP COMM    / 120 DAYS / CS
         COMP:    LAW:
         LP VISIT   / 120 DAYS / CS
         COMP:    LAW:
-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1753436 - SANCTIONED INCIDENT DATE/TIME: 07-11-2008 1630
DHO HEARING DATE/TIME: 07-24-2008 1130
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: THREW LIQ. ON OFCR., BLOCKED WICKET AND THREW FD. ONTO
                       RANGE-ADMITS, DID IT BECAUSE STAFF REFUSED TO FEED HIM
    208  INTERFERING WITH SECRY DEVICES - FREQ: 1
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P
         DS         / 30 DAYS / CS
         COMP:    LAW:
    224  ASSAULTING W/O SERIOUS INJURY - FREQ: 1 ATI: SH1 RFP: D
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P
         DS         / 30 DAYS / CS
         COMP:    LAW:
         IMPOUND    / 90 DAYS / CS
         COMP:    LAW:    ALL PROPERTY EXCEPT LEGAL AND RELIG. MATERIAL
         LP PHONE   / 180 DAYS / CS
         COMP:    LAW:
    330  BEING UNSANITARY OR UNTIDY - FREQ: 1
         DIS GCT    / 14 DAYS / CS
         COMP:010 LAW:P
         DS         / 15 DAYS / CS
         COMP:    LAW:
         LP VISIT   / 90 DAYS / CS
         COMP:    LAW:
-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1650795 - SANCTIONED INCIDENT DATE/TIME: 10-02-2007 1230
DHO HEARING DATE/TIME: 07-24-2008 1125
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: ACTIVATED DURESS ALARM UNNECESSARILY - REFUSED TO
                       COMMENT
    317  FAILING TO FOLLOW SAFETY REGS - FREQ: 1
         DIS GCT    / 14 DAYS / CS
         COMP:010 LAW:P


    G0002     MORE PAGES TO FOLLOW . . .
```

```
     LEWAJ          *        INMATE DISCIPLINE DATA        *    08-30-2012
   PAGE 014         *     CHRONOLOGICAL DISCIPLINARY RECORD   *    10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT     FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012

```
         DS        / 15 DAYS / CS
         COMP:  LAW:
```
----------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1650801 - SANCTIONED INCIDENT DATE/TIME: 10-02-2007 1130
DHO HEARING DATE/TIME: 07-24-2008 1120
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: LAID ON THE FLOOR AND REFUSED TO WALK TO HIS CELL, HAD
                       TO BE CARRIED - REFUSED TO COMMENT
   307  REFUSING TO OBEY AN ORDER - FREQ: 1
        DIS GCT    / 14 DAYS / CS
        COMP:010 LAW:P
        DS        / 15 DAYS / CS
        COMP:  LAW:
----------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1650797 - SANCTIONED INCIDENT DATE/TIME: 10-02-2007 0850
DHO HEARING DATE/TIME: 07-24-2008 1115
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: REFUSED TO CHANGE CELLS - REFUSED TO COMMENT
   307  REFUSING TO OBEY AN ORDER - FREQ: 1
        DIS GCT    / 14 DAYS / CS
        COMP:010 LAW:P
        DS        / 15 DAYS / CS
        COMP:  LAW:
----------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1744976 - SANCTIONED INCIDENT DATE/TIME: 06-17-2008 1307
DHO HEARING DATE/TIME: 06-25-2008 0915
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: ADMITS SPIT ON COUNSELOR, REFUSED TO MOVE FROM WICKET,
                       WAS INSOLENT & THREATENED STAFF SEXUALLY
   203  THREATENING BODILY HARM - FREQ: 2 ATI: SN1
        DIS GCT    / 27 DAYS / CS
        COMP:010 LAW:P
        DS        / 45 DAYS / CS
        COMP:  LAW:
        LP COMM   / 120 DAYS / CS
        COMP:  LAW:
   206  MAKING SEXUAL PROPOSAL/THREAT - FREQ: 1 ATI: SN1
        DIS GCT    / 27 DAYS / CS
        COMP:010 LAW:P
        DS        / 30 DAYS / CS
        COMP:  LAW:
   224  ASSAULTING W/O SERIOUS INJURY - FREQ: 2 ATI: SH1 RFP: D
        DIS GCT    / 27 DAYS / CS
        COMP:010 LAW:P
        DS        / 45 DAYS / CS
        COMP:  LAW:


   G0002       MORE PAGES TO FOLLOW . . .
```

```
     LEWAJ          *        INMATE DISCIPLINE DATA        *      08-30-2012
   PAGE 015         *     CHRONOLOGICAL DISCIPLINARY RECORD   *      10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT       FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 08-30-2012

```
          LP PHONE   / 120 DAYS / CS
          COMP:    LAW:
          TRANSFER   / CS
          COMP:    LAW:
     307  REFUSING TO OBEY AN ORDER - FREQ: 1
          DIS GCT    / 14 DAYS / CS
          COMP:010 LAW:P
          DS         / 15 DAYS / CS
          COMP:    LAW:
     312  BEING INSOLENT TO STAFF MEMBER - FREQ: 1
          DIS GCT    / 14 DAYS / CS
          COMP:010 LAW:P
          DS         / 15 DAYS / CS
          COMP:    LAW:
          LP VISIT   / 90 DAYS / CS
          COMP:    LAW:
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1736960 - SANCTIONED INCIDENT DATE/TIME: 05-26-2008 1652
DHO HEARING DATE/TIME: 06-03-2008 0950
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DENIES REFUSING A CELLMATE - STATES THEY TRIED TO PUT A
                       "DRUNK MEXICAN" INMATE IN HIS CELL.
     306  REFUSING WORK/PGM ASSIGNMENT - FREQ: 2
          DIS GCT    / 14 DAYS / CS
          COMP:010 LAW:P
          DS         / 15 DAYS / CS / SUSPENDED 180 DAYS
          COMP:    LAW:
          LP COMM    / 60 DAYS / CS / SUSPENDED 180 DAYS
          COMP:    LAW:
          LP PHONE   / 60 DAYS / CS / SUSPENDED 180 DAYS
          COMP:    LAW:
          LP VISIT   / 60 DAYS / CS / SUSPENDED 180 DAYS
          COMP:    LAW:
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1730427 - SANCTIONED INCIDENT DATE/TIME: 05-08-2008 1010
DHO HEARING DATE/TIME: 05-27-2008 1000
FACL/CHAIRPERSON.....: LEW/HENDRICKSO
REPORT REMARKS.......: DECLINED TO MAKE A STATEMENT REGARDING THE REPORT.
                       STATES THE REPORT SHOULD BE EXPUNGED - PROCEDURAL ERRORS
     203  THREATENING BODILY HARM - FREQ: 6 ATI: SN1
          DIS GCT    / 27 DAYS / CS
          COMP:010 LAW:P
          DS         / 30 DAYS / CS
          COMP:    LAW:
          LP COMM    / 120 DAYS / CS
          COMP:    LAW:


   G0002      MORE PAGES TO FOLLOW . . .
```

```
    LEWAJ          *      INMATE DISCIPLINE DATA        *    08-30-2012
    PAGE 016        *   CHRONOLOGICAL DISCIPLINARY RECORD  *    10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT        FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012

DHO HEARING DATE/TIME: 05-27-2008 1000     REPORT 1730427 CONTINUED
    224  ASSAULTING W/O SERIOUS INJURY - FREQ: 9 ATI: SH1 RFP: D
         DIS GCT   / 27 DAYS / CS
         COMP:010 LAW:P
         DS        / 30 DAYS / CS
         COMP:   LAW:
         LP PHONE  / 120 DAYS / CS
         COMP:   LAW:
    312  BEING INSOLENT TO STAFF MEMBER - FREQ: 4
         DIS GCT   / 14 DAYS / CS
         COMP:010 LAW:P
         DS        / 15 DAYS / CS
         COMP:   LAW:
         LP VISIT  / 90 DAYS / CS
         COMP:   LAW:
-----------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1709586 - SANCTIONED INCIDENT DATE/TIME: 03-12-2008 1400
DHO HEARING DATE/TIME: 05-08-2008 1000
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DENIED THREATENED TO "FUCK UP THE C.O."
    203  THREATENING BODILY HARM - FREQ: 1 ATI: SN1
         DIS GCT   / 27 DAYS / CS
         COMP:010 LAW:P
         DS        / 30 DAYS / CS
         COMP:   LAW:
         LP COMM   / 90 DAYS / CS
         COMP:   LAW:
-----------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1727566 - SANCTIONED INCIDENT DATE/TIME: 04-30-2008 0810
DHO HEARING DATE/TIME: 05-08-2008 0950
FACL/CHAIRPERSON.....: LEW/CHAMBERS B
REPORT REMARKS.......: DENIED FALSIFIED A MEDICAL SLIP, LIED AND RETURNED TO
                       WORK WHEN ASSIGNED TO WORK
    299  DISRUPTIVE CONDUCT-HIGH - FREQ: 1
         DS        / 15 DAYS / CS
         COMP:   LAW:    MOST LIKE 306
         LP COMM   / 90 DAYS / CS
         COMP:   LAW:    MOST LIKE 306
    313  LYING OR FALSIFYING STATEMENT - FREQ: 1
         DIS GCT   / 14 DAYS / CS
         COMP:010 LAW:P
         DS        / 15 DAYS / CS
         COMP:   LAW:
         LP VISIT  / 90 DAYS / CS
         COMP:   LAW:


    G0002       MORE PAGES TO FOLLOW . . .
```

```
LEWAJ           *        INMATE DISCIPLINE DATA          *     08-30-2012
PAGE 017        *     CHRONOLOGICAL DISCIPLINARY RECORD   *     10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012

DHO HEARING DATE/TIME: 05-08-2008 0950    REPORT 1727566 CONTINUED
     314  COUNTRFTNG OR FORGING DOCUMENT - FREQ: 1
          DIS GCT     / 14 DAYS / CS
          COMP:010 LAW:P
        . DS          / 15 DAYS / CS
          COMP:    LAW:
          LP PHONE    / 90 DAYS / CS
          COMP:    LAW:
     399  DISRUPTIVE CONDUCT-MODERATE - FREQ: 1
          DIS GCT     / 14 DAYS / CS
          COMP:010 LAW:P  ·MOST LIKE 306
------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1701652 - SANCTIONED INCIDENT DATE/TIME: 02-20-2008 1617
DHO HEARING DATE/TIME: 02-22-2008 1222
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED DIRECTIVE TO STAND FOR SHU COUNT.
     307  REFUSING TO OBEY AN ORDER - FREQ: 1
          DS .      / 15 DAYS / CS
          COMP:    LAW:
------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1700346 - SANCTIONED INCIDENT DATE/TIME: 02-15-2008 2325
DHO HEARING DATE/TIME: 02-22-2008 1220
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: SPIT ON STAFF.
     224  ASSAULTING W/O SERIOUS INJURY - FREQ: 1 ATI: SH1 RFP: D
          DIS GCT     / 27 DAYS / CS
          COMP:010 LAW:P
          DS          / 30 DAYS / CS
          COMP:    LAW:
------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1700350 - SANCTIONED INCIDENT DATE/TIME: 02-15-2008 2145
DHO HEARING DATE/TIME: 02-22-2008 1218
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED ORDER TO UNBLOCK CELL WINDOW.
     307  REFUSING TO OBEY AN ORDER - FREQ: 1
          DS          / 15 DAYS / CS
          COMP:    LAW:
------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1700348 - SANCTIONED INCIDENT DATE/TIME: 02-15-2008 2315
DHO HEARING DATE/TIME: 02-22-2008 1211
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: SPIT ON AND THREATENED TO STAB STAFF.
     203  THREATENING BODILY HARM - FREQ: 1 ATI: SN1
          DIS GCT     / 27 DAYS / CS
          COMP:010 LAW:P


G0002        MORE PAGES TO FOLLOW . . .
```

```
LEWAJ            *       INMATE DISCIPLINE DATA        *     08-30-2012
PAGE 018         *    CHRONOLOGICAL DISCIPLINARY RECORD  *   10:43:59


REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT     FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012


DHO HEARING DATE/TIME: 02-22-2008 1211    REPORT 1700348 CONTINUED
          DS           / 30 DAYS / CS
          COMP:   LAW:
    224  ASSAULTING W/O SERIOUS INJURY - FREQ: 1 ATI: SH1 RFP: D
          DIS GCT      / 27 DAYS / CS
          COMP:010 LAW:P
          DS           / 30 DAYS / CS
          COMP:   LAW:
--------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1690829 - SANCTIONED INCIDENT DATE/TIME: 01-21-2008 1715
DHO HEARING DATE/TIME: 02-04-2008 1130
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  THREW LAUNDRY BAG WITH FECES AND
                       WATER AT SHU OFFICER.
    224  ASSAULTING W/O SERIOUS INJURY - FREQ: 3 ATI: SH1 RFP: D
          DIS GCT      / 27 DAYS / CS
          COMP:010 LAW:P
          DS           / 60 DAYS / CS
          COMP:   LAW:
          LP VISIT     / 12 MONTHS / CS
          COMP:   LAW:    THROUGH 12-31-2009.
--------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1681861 - SANCTIONED INCIDENT DATE/TIME: 12-27-2007 1340
DHO HEARING DATE/TIME: 01-14-2008 1000
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  VERBAL THREAT TO GET RAZOR AND
                       CUT STAFF.
    203  THREATENING BODILY HARM - FREQ: 1 ATI: SN1
          DIS GCT      / 27 DAYS / CS
          COMP:010 LAW:P
          DS           / 30 DAYS / CS
          COMP:   LAW:
          LP PHONE     / 12 MONTHS / CS
          COMP:   LAW:    THROUGH 02-27-2012.
--------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1682092 - SANCTIONED INCIDENT DATE/TIME: 12-28-2007 0010
DHO HEARING DATE/TIME: 01-03-2008 1050
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  BROKE SOFT AND HARD RESTRAINTS.
    218  DESTROYING PROP OVER $100 - FREQ: 2
          DIS GCT      / 27 DAYS / CS
          COMP:010 LAW:P
          DS           / 45 DAYS / CS
          COMP:   LAW:



G0002        MORE PAGES TO FOLLOW . . .
```

```
LEWAJ          *      INMATE DISCIPLINE DATA          *     08-30-2012
PAGE 019       *    CHRONOLOGICAL DISCIPLINARY RECORD  *     10:43:59


REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 08-30-2012


DHO HEARING DATE/TIME: 01-03-2008 1050 '  REPORT 1682092 CONTINUED
        LP VISIT   / 6 MONTHS / CS
        COMP:   LAW:   THROUGH 01-01-2009.
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1681719 - SANCTIONED INCIDENT DATE/TIME: 12-26-2007 1540
DHO HEARING DATE/TIME: 01-03-2008 1045
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  REFUSED TO RETURN RAZOR (BLADES)
                       IN SHU.
    307 REFUSING TO OBEY AN ORDER - FREQ: 1
        DS         / 15 DAYS / CS
        COMP:   LAW:
        LP COMM    / 3 MONTHS / CS
        COMP:   LAW:   THROUGH 05-01-2011.
        LP PHONE   / 6 MONTHS / CS
        COMP:   LAW:   THROUGH 03-01-2011.
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1681720 - SANCTIONED INCIDENT DATE/TIME: 12-26-2007 1945
DHO HEARING DATE/TIME: 01-03-2008 1040
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  REFUSED TO SUBMIT TO HAND
                       RESTRAINTS.
    307 REFUSING TO OBEY AN ORDER - FREQ: 1
        DS         / 15 DAYS / CS
        COMP:   LAW:
        LP PHONE   / 3 MONTHS / CS
        COMP:   LAW:   THROUGH 09-02-2010.
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1681871 - SANCTIONED INCIDENT DATE/TIME: 12-27-2007 1145
DHO HEARING DATE/TIME: 01-03-2008 1035
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  REFUSED CELL MATE IN SHU.
    306 REFUSING WORK/PGM ASSIGNMENT - FREQ: 1
        DS         / 15 DAYS / CS
        COMP:   LAW:
        LP VISIT   / 3 MONTHS / CS
        COMP:   LAW:   THROUGH 02-10-2009.
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1679420 - SANCTIONED INCIDENT DATE/TIME: 12-19-2007 0010
DHO HEARING DATE/TIME: 01-03-2008 1030
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  SPIT ON PA IN SHU.
    224 ASSAULTING W/O SERIOUS INJURY - FREQ: 2 ATI: SH1 RFP: D
        DIS GCT    / 27 DAYS / CS
        COMP:010 LAW:P



G0002       MORE PAGES TO FOLLOW . . .
```

```
     LEWAJ          *        INMATE DISCIPLINE DATA        *      08-30-2012
    PAGE 020        *     CHRONOLOGICAL DISCIPLINARY RECORD   *     10:43:59


REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT       FORMAT: CHRONO    LIMIT TO ____ MOS PRIOR TO 08-30-2012


DHO HEARING DATE/TIME: 01-03-2008 1030     REPORT 1679420 CONTINUED
          DS          / 45 DAYS / CS
          COMP:   LAW:
          LP COMM    / 6 MONTHS / CS
          COMP:   LAW:    THROUGH 02-02-2011.
---------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1679422 - SANCTIONED INCIDENT DATE/TIME: 12-17-2007 2245
DHO HEARING DATE/TIME: 01-03-2008 1025
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  PULLED OFFICER'S HAND THROUGH FOOD
                       SLOT.  CUT HAND, BROKE CUFF KEY.
   224  ASSAULTING W/O SERIOUS INJURY - FREQ: 2 ATI: SM2 RFP: D
          DIS GCT    / 27 DAYS / CS
          COMP:010 LAW:P
          DS          / 45 DAYS / CS
          COMP:   LAW:
          LP PHONE   / 6 MONTHS / CS
          COMP:   LAW:    THROUGH 06-03-2010.
   329  DESTROY PROP $100 OR LESS - FREQ: 1
          DS          / 15 DAYS / CS
          COMP:   LAW:
          LP VISIT   / 3 MONTHS / CS
          COMP:   LAW:    THROUGH 11-11-2008.
---------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1681935 - SANCTIONED INCIDENT DATE/TIME: 12-27-2007 1630
DHO HEARING DATE/TIME: 01-03-2008 1020
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  REFUSED DIRECTIVE TO CLEAN CELL.
   307  REFUSING TO OBEY AN ORDER - FREQ: 1
          DS          / 15 DAYS / CS
          COMP:   LAW:
          LP PHONE   / 3 MONTHS / CS
          COMP:   LAW:    THROUGH 12-04-2009.
---------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1679417 - SANCTIONED INCIDENT DATE/TIME: 12-18-2007 2155
DHO HEARING DATE/TIME: 01-03-2008 1015
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  SPIT ON SHU LIEUTENANT DURING
                       ESCORT.
   224  ASSAULTING W/O SERIOUS INJURY - FREQ: 2 ATI: SH1 RFP: D
          DIS GCT    / 27 DAYS / CS
          COMP:010 LAW:P
          DS          / 45 DAYS / CS
          COMP:   LAW:




    G0002       MORE PAGES TO FOLLOW . . .
```

```
  LEWAJ          *        INMATE DISCIPLINE DATA          *     08-30-2012
PAGE 021         *     CHRONOLOGICAL DISCIPLINARY RECORD   *     10:43:59
```

```
REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 08-30-2012
```

```
DHO HEARING DATE/TIME: 01-03-2008 1015    REPORT 1679417 CONTINUED
      LP COMM    / 6 MONTHS / CS
      COMP:   LAW:    THROUGH 08-03-2010,
-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1679421 - SANCTIONED INCIDENT DATE/TIME: 12-18-2007 0630
DHO HEARING DATE/TIME: 01-03-2008 1010
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  REFUSED ORDER TO RETURN SHU FOOD
                       TRAYS.
   307  REFUSING TO OBEY AN ORDER - FREQ: 1
         DS        / 15 DAYS / CS
         COMP:    LAW:
         LP VISIT  / 3 MONTHS / CS
         COMP:    LAW:    THROUGH 08-12-2008.
-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1680360 - SANCTIONED INCIDENT DATE/TIME: 12-18-2007 2115
DHO HEARING DATE/TIME: 01-03-2008 1005
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  ACTIVATED SHU FIRE SPRINKLER.
   218  DESTROYING PROP OVER $100 - FREQ: 2
         DIS GCT   / 27 DAYS / CS
         COMP:010 LAW:P
         DS        / 45 DAYS / CS
         COMP:    LAW:
         LP PHONE  / 6 MONTHS / CS
         COMP:    LAW:    THROUGH 09-05-2009.
-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1678728 - SANCTIONED INCIDENT DATE/TIME: 12-17-2007 1225
DHO HEARING DATE/TIME: 01-03-2008 1000
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO APPEAR.  SPRAYED UNKNOWN LIQUID AT STAFF IN
                       SHU.
   224  ASSAULTING W/O SERIOUS INJURY - FREQ: 2 ATI: SM1 RFP: D
         DIS GCT   / 27 DAYS / CS
         COMP:010 LAW:P
         DS        / 45 DAYS / CS
         COMP:    LAW:
         LP COMM   / 6 MONTHS / CS
         COMP:    LAW:    THROUGH 02-04-2009.
-----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1663231 - SANCTIONED INCIDENT DATE/TIME: 11-03-2007 1758
DHO HEARING DATE/TIME: 12-04-2007 1255
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: SPIT ON STAFF.
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
    LEWAJ           *        INMATE DISCIPLINE DATA         *      08-30-2012
  PAGE 022          *     CHRONOLOGICAL DISCIPLINARY RECORD  *      10:43:59


REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ____ MOS PRIOR TO 08-30-2012


DHO HEARING DATE/TIME: 12-04-2007 1255    REPORT 1663231 CONTINUED
    224  ASSAULTING W/O SERIOUS INJURY - FREQ: 1 ATI: SH1 RFP: D
         DIS GCT   / 27 DAYS / CS
         COMP:010 LAW:P
         DS        / 30 DAYS / CS
         COMP:     LAW:
         LP VISIT  / 6 MONTHS / CS
         COMP:     LAW:   THROUGH 05-13-2008.
---------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1661885 - SANCTIONED INCIDENT DATE/TIME: 10-31-2007 0945
DHO HEARING DATE/TIME: 11-09-2007 0825
FACL/CHAIRPERSON.....: ALP/CERNEY
APPEAL CASE NUMBER(S): 474136
REPORT REMARKS.......: REFUSED TO APPEAR.  MASTURBATION AND REQUESTED SEXUAL
                       ACT TO FEMALE STAFF.
    205  ENGAGING IN SEXUAL ACTS - FREQ: 1 ATI: SN1
         DIS GCT   / 27 DAYS / CS
         COMP:010 LAW:P
         DS        / 30 DAYS / CS
         COMP:     LAW:
         LP PHONE  / 6 MONTHS / CS
         COMP:     LAW:   THROUGH 03-06-2009.
    206  MAKING SEXUAL PROPOSAL/THREAT - FREQ: 1 ATI: SN1
         DIS GCT   / 27 DAYS / CS
         COMP:010 LAW:P
         DS        / 30 DAYS / CS
         COMP:     LAW:
         LP PHONE  / 6 MONTHS / CS
         COMP:     LAW:   THROUGH 09-05-2009.
---------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1663309 - SANCTIONED INCIDENT DATE/TIME: 11-03-2007 2140
DHO HEARING DATE/TIME: 11-09-2007 0820
FACL/CHAIRPERSON.....: ALP/CERNEY
APPEAL CASE NUMBER(S): 474135
REPORT REMARKS.......: REFUSED TO APPEAR.  DAMAGED SHU MATTRESS.
    218  DESTROYING PROP OVER $100 - FREQ: 1
         DIS GCT   / 27 DAYS / CS
         COMP:010 LAW:P
         DS        / 30 DAYS / CS
         COMP:     LAW:
         LP COMM   / 6 MONTHS / CS
         COMP:     LAW:   THROUGH 02-04-2009.




  G0002       MORE PAGES TO FOLLOW . . .
```

```
   LEWAJ          *        INMATE DISCIPLINE DATA          *      08-30-2012
   PAGE 023        *    CHRONOLOGICAL DISCIPLINARY RECORD   *.     10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012

--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1663310 - SANCTIONED INCIDENT DATE/TIME: 11-03-2007 1845
DHO HEARING DATE/TIME: 11-09-2007 0815
FACL/CHAIRPERSON.....: ALP/CERNEY
APPEAL CASE NUMBER(S): 474155
REPORT REMARKS.......: REFUSED TO APPEAR. STANDING IN THE MIDDLE OF SHU CELL
                       NUDE AND MASTURBATING.
    205  ENGAGING IN SEXUAL ACTS - FREQ: 1 ATI: SN1
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P
         DS         / 30 DAYS / CS
         COMP:    LAW:
         FF NVGCT   / 27 DAYS / CS
         COMP:010 LAW:P
         LP VISIT   / 6 MONTHS / CS
         COMP:   LAW:    THROUGH 08-12-2008.
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1662234 - SANCTIONED INCIDENT DATE/TIME: 11-01-2007 1415
DHO HEARING DATE/TIME: 11-09-2007 0800
FACL/CHAIRPERSON.....: ALP/CERNEY
APPEAL CASE NUMBER(S): 473720
REPORT REMARKS.......: REFUSED TO APPEAR.  REFUSED SHU CELLMATE.
    306  REFUSING WORK/PGM ASSIGNMENT - FREQ: 1
         DS         / 15 DAYS / CS
         COMP:    LAW:
         LP VISIT   / 3 MONTHS / CS
         COMP:   LAW:    THROUGH 02-13-2008.
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1657483 - SANCTIONED INCIDENT DATE/TIME: 10-19-2007 1100
DHO HEARING DATE/TIME: 10-29-2007 0830
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: VERBAL ABUSE TO SIA AFTER AN INTERVIEW.
    312  BEING INSOLENT TO STAFF MEMBER - FREQ: 1
         DIS GCT    / 13 DAYS / CS
         COMP:010 LAW:P
         DS         / 15 DAYS / CS
         COMP:    LAW:
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1648994 - SANCTIONED INCIDENT DATE/TIME: 09-26-2007 1717
DHO HEARING DATE/TIME: 10-19-2007 1000
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: STUCK ARM OUT OF FOOD SLOT; OFFICER UNABLE TO SECURE.
                       CORRECT HEARING DATE OCT. 15, 2007 @ 1025 HRS.
    208  INTERFERING WITH SECRY DEVICES - FREQ: 1
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P


  G0002        MORE PAGES TO FOLLOW . . .
```

```
   LEWAJ         *        INMATE DISCIPLINE DATA          *      08-30-2012
PAGE 024         *     CHRONOLOGICAL DISCIPLINARY RECORD   *      10:43:59

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012


          DS         / 30 DAYS / CS
          COMP:    LAW:
          FF NVGCT   / 12 DAYS / CS
          COMP:010 LAW:P
          LP COMM    / 1 MONTHS / CS
          COMP:    LAW:    THROUGH 08-05-2008.
          LP PHONE   / 1 MONTHS / CS
          COMP:    LAW:    THROUGH 09-07-2008.
          LP VISIT   / 1 MONTHS / CS
          COMP:    LAW:    THROUGH 11-14-2007.
----------------------------------------------------------------------------
REPORT NUMBER........: 1648994 (REHEARD 10-19-2007 1000)
DHO HEARING DATE/TIME: 10-15-2007 1025
----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1648996 - SANCTIONED INCIDENT DATE/TIME: 09-26-2007 2055
DHO HEARING DATE/TIME: 10-15-2007 1020
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: PUSHED CELL DURESS ALARM AFTER BEING TOLD NOT TO.
     307  REFUSING TO OBEY AN ORDER - FREQ: 1
          DS         / 15 DAYS / CS
          COMP:    LAW:
          FF NVGCT   / 6 DAYS / CS
          COMP:010 LAW:P
----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1652233 - SANCTIONED INCIDENT DATE/TIME: 10-05-2007 2210
DHO HEARING DATE/TIME: 10-15-2007 1015
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO UNBLOCK CELL DOOR WINDOW.
     307  REFUSING TO OBEY AN ORDER - FREQ: 1
          DS         / 15 DAYS / CS
          COMP:    LAW:
          FF NVGCT   / 6 DAYS / CS
          COMP:010 LAW:P
----------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1652230 - SANCTIONED INCIDENT DATE/TIME: 10-05-2007 1620
DHO HEARING DATE/TIME: 10-15-2007 1010
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: REFUSED TO UNBLOCK CELL DOOR WINDOW IN SHU.
     307  REFUSING TO OBEY AN ORDER - FREQ: 1
          DS         / 15 DAYS / CS
          COMP:    LAW:
          FF NVGCT   / 6 DAYS / CS
          COMP:010 LAW:P




G0002      MORE PAGES TO FOLLOW . . .
```

```
     LEWAJ          *       INMATE DISCIPLINE DATA          *      08-30-2012
  PAGE 025          *    CHRONOLOGICAL DISCIPLINARY RECORD   *      10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012

--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1647225 - SANCTIONED INCIDENT DATE/TIME: 09-21-2007 1930
DHO HEARING DATE/TIME: 10-15-2007 1005
FACL/CHAIRPERSON.....: ALP/CERNEY
APPEAL CASE NUMBER(S): 473684
REPORT REMARKS.......: CALLED OFFICER A CRACKER MOTHERFUCKER.
    312  BEING INSOLENT TO STAFF MEMBER - FREQ: 1
         DS        / 15 DAYS / CS
         COMP:    LAW:
         FF NVGCT  / 6 DAYS / CS
         COMP:010 LAW:P
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1619297 - SANCTIONED INCIDENT DATE/TIME: 07-12-2007 1105
DHO HEARING DATE/TIME: 08-15-2007 1230
FACL/CHAIRPERSON.....: HAZ/LOHR D
APPEAL CASE NUMBER(S): 461351
REPORT REMARKS.......: I/M DENIED CHARGE.  HOMEMADE WEAPON FOUND IN ZIPPER
                       LINING OF PANTS-ALTERED TO FORM A SHEATH
HEARING IS ALSO BASIS FOR EXECUTION OF DS          SUSPENDED 03-07-2007 1041
    104  POSSESSING A DANGEROUS WEAPON - FREQ: 2
         DIS GCT   / 40 DAYS / CS
         COMP:010 LAW:P
         DS        / 60 DAYS / CS
         COMP:    LAW:
         LP COMM   / 1 YEARS / CS
         COMP:    LAW:
         LP PHONE  / 1 YEARS / CS
         COMP:    LAW:
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1573781 - SANCTIONED INCIDENT DATE/TIME: 03-05-2007 0837
DHO HEARING DATE/TIME: 03-07-2007 1041
FACL/CHAIRPERSON.....: POL/WHITE M
APPEAL CASE NUMBER(S): 463190
REPORT REMARKS.......: INMATE REFUSED TO ATTEND DHO HEARING WHEN JAMMING PAPER
                       IN KEY WAY OF WICKET-SHU CELL
    208  INTERFERING WITH SECRY DEVICES - FREQ: 2
         DIS GCT   / 27 DAYS / CS
         COMP:010 LAW:P
         DS        / 45 DAYS / CS / SUSPENDED 180 DAYS
                     EXECUTED BASED ON HEARING OF 08-15-2007 1230
         COMP:    LAW:
         LP PHONE  / 6 MONTHS / CS
         COMP:    LAW:  LOSS OF TELEPHONE THRU 9-7-2007


  G0002        MORE PAGES TO FOLLOW . . .
```

```
     LEWAJ          *        INMATE DISCIPLINE DATA        *      08-30-2012
     PAGE 026        *    CHRONOLOGICAL DISCIPLINARY RECORD   *      10:43:59


REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT       FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012


------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1560388 - SANCTIONED INCIDENT DATE/TIME: 01-26-2007 1225
DHO HEARING DATE/TIME: 02-05-2007 1308
FACL/CHAIRPERSON.....: POL/WHITE M
APPEAL CASE NUMBER(S): 444248
REPORT REMARKS.......: INMATE ADMITTED POSSESSION OF A 7" SHANK TAKEN FROM HIS
                       FRONT POCKET
    104  POSSESSING A DANGEROUS WEAPON - FREQ: 1
         DIS GCT    / 40 DAYS / CS
         COMP:010 LAW:P
         DS         / 12 DAYS / CS
         COMP:    LAW:
         LP COMM    / 6 MONTHS / CS
         COMP:    LAW:    LOSS OF COMMISSARY THRU 8-5-2007
         LP VISIT   / 6 MONTHS / CS
         COMP:    LAW:    LOSS OF VISITS THRU 8-5-2007
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1535426 - SANCTIONED INCIDENT DATE/TIME: 11-09-2006 1100
UDC HEARING DATE/TIME: 11-27-2006 0935
FACL/UDC/CHAIRPERSON.: POL/C/BOUDREAUX
REPORT REMARKS.......: I WAS CHECKING IN.
    399  DISRUPTIVE CONDUCT-MODERATE - FREQ: 1
         LP PHONE   / 15 DAYS / CS / SUSPENDED 90 DAYS
         COMP:    LAW:
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1445709 - SANCTIONED INCIDENT DATE/TIME: 03-16-2006 1430
DHO HEARING DATE/TIME: 03-31-2006 1300
FACL/CHAIRPERSON.....: YAM/GENNARO M
REPORT REMARKS.......: INMATE ADMITS THAT HE THREATENED THE OFFICER, BUT
                       STATED THAT HE WAS MAD AT THE TIME.
    203  THREATENING BODILY HARM - FREQ: 2 ATI: SN1
         DIS GCT    / 1 DAYS / CS
         COMP:010 LAW:P  NOTE: SANCTIONED FOR SENTRY REQUIREMENTS ONLY.
         DS         / 30 DAYS / CS
         COMP:    LAW:    INMATE HAS 30 SUSPENDED TOTAL OF 60 DAYS OF DS.
         FF NVGCT   / 27 DAYS / CS
         COMP:010 LAW:P
         TRANSFER   / CS
         COMP:    LAW:    RECOMMEND DISCIPLINARY TRANSFER




G0002      MORE PAGES TO FOLLOW . . .
```

```
    LEWAJ          *       INMATE DISCIPLINE DATA        *      08-30-2012
  PAGE 027         *   CHRONOLOGICAL DISCIPLINARY RECORD  *      10:43:59


REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-30-2012


-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1415424 - SANCTIONED INCIDENT DATE/TIME: 12-23-2005 2020
DHO HEARING DATE/TIME: 01-26-2006 1430
FACL/CHAIRPERSON.....: YAM/GENNARO M
REPORT REMARKS.......: INMATE ADMITS TO THE CHARGE OF PLACING PAPER IN THE LOCK
                       OF THE SHU FOOD TRAP DOOR SO IT COULDN'T BE CLOSED.
   208  INTERFERING WITH SECRY DEVICES - FREQ: 1
        DIS GCT   / 27 DAYS / CS
        COMP:010 LAW:P
        DS        / 30 DAYS / CS / SUSPENDED 30 DAYS
        COMP:    LAW:   DS TIME SUSPENDED PENDING 180 DAYS OF CLEAR
                        CONDUCT.
-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1408530 - SANCTIONED INCIDENT DATE/TIME: 12-03-2005 1130
DHO HEARING DATE/TIME: 12-12-2005 1115
FACL/CHAIRPERSON.....: YAM/GENNARO M
REPORT REMARKS.......: INMATE ADMITS TO THREATENING AND BECOMING INSOLENT WITH
                       STAFF.
   203  THREATENING BODILY HARM - FREQ: 1 ATI: SN1
        DIS GCT   / 27 DAYS / CS
        COMP:010 LAW:P
        DS        / 30 DAYS / CS
        COMP:    LAW:
   312  BEING INSOLENT TO STAFF MEMBER - FREQ: 1
        DS        / 15 DAYS / CS
        COMP:    LAW:
-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1385016 - SANCTIONED INCIDENT DATE/TIME: 09-23-2005 1345
DHO HEARING DATE/TIME: 10-12-2005 1415
FACL/CHAIRPERSON.....: YAM/GENNARO M
APPEAL CASE NUMBER(S): 392818
REPORT REMARKS.......: INMATE DENIED BREAKING OFF A SPRINKLER HEAD IN SHU WHICH
                       FLOODED HIS CELL - WANTED TO BE MOVED TO ANOTHER CELL.
   218  DESTROYING PROP OVER $100 - FREQ: 1
        DIS GCT   / 27 DAYS / CS
        COMP:010 LAW:P
        DS        / 30 DAYS / CS
        COMP:    LAW:
        LP COMM   / 500 DAYS / CS
        COMP:    LAW:   COMMISSARY RESTRICTION BEGINS ON 10-12-05 AND WILL
                        BE LIFTED WHEN RESTITUTION OF $32.00 IS PAID.
        MON REST  / 32.00 DOLLARS / CS
        COMP:    LAW:



G0002      MORE PAGES TO FOLLOW . . .
```

```
    LEWAJ         *      INMATE DISCIPLINE DATA         *    08-30-2012
 PAGE 028 OF 028 *  CHRONOLOGICAL DISCIPLINARY RECORD   *    10:43:59
```

REGISTER NO: 28711-034 NAME..: LANDOR, DAMON
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ____ MOS PRIOR TO 08-30-2012

--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1381419 - SANCTIONED INCIDENT DATE/TIME: 09-13-2005 1235
DHO HEARING DATE/TIME: 09-21-2005 1250
FACL/CHAIRPERSON.....: YAM/GENNARO M
REPORT REMARKS.......: INMATE ADMITS TO REFUSING TO CUFF-UP AND DEFECATING ON
                       THE FLOOR IN A HOLDING CELL IN SHU.
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         DS         / 15 DAYS / CS
         COMP:   LAW:
    317  FAILING TO FOLLOW SAFETY REGS - FREQ: 1
         DS         / 15 DAYS / CS
         COMP:   LAW:
--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1367869 - SANCTIONED INCIDENT DATE/TIME: 08-03-2005 0024
DHO HEARING DATE/TIME: 08-05-2005 1030
FACL/CHAIRPERSON.....: YAM/GENNARO M
REPORT REMARKS.......: INMATE ADMITS TO THE CHARGE OF MASTURBATING IN FRONT OF
                       FEMALE STAFF.
    205  ENGAGING IN SEXUAL ACTS - FREQ: 1 ATI: SN1
         DIS GCT    / 27 DAYS / CS
         COMP:010 LAW:P
         DS         / 15 DAYS / CS
         COMP:   LAW:
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

**Attachment C**

REGIONAL ADMINISTRATIVE REMEDY APPEAL
Part B - Response

Date Filed:  February 12, 2010          Remedy ID No. 577096-R1

You appeal the DHO decision of January 21, 2010, for Possession
of a Dangerous Weapon (Code 104).  You request the incident
report be expunged.

Upon review, we are remanding the incident report to the
institution for further investigation.  If your behavior is
determined to warrant such action, you will receive written
notice of the charge(s), and will be afforded the opportunity
to be present at any subsequent rehearing.

Your appeal is granted to the extent set forth above.  If you are
not satisfied with this decision, you may appeal to the General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 days of the date of this
response.


MAY - 5 2010
_____
Date

C. Eichenlaub
Regional Director
Mid-Atlantic Region

# Attachment D

```
    LEWAJ  531.01 *            INMATE HISTORY           *     09-04-2012
  PAGE 001        *             ADM-REL                *     13:35:10

  REG NO..: 28711-034 NAME....: LANDOR, DAMON
  CATEGORY: ARS      FUNCTION: PRT        FORMAT:

  FCL    ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP  DATE/TIME
  LEW    A-DES      DESIGNATED, AT ASSIGNED FACIL 05-11-2010 1936 CURRENT
  A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 05-11-2010 1936 05-11-2010 1936
  A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-11-2010 0833 05-11-2010 1936
  MCR    TRANSFER   TRANSFER                      05-11-2010 0833 05-11-2010 0833
  MCR    A-DES      DESIGNATED, AT ASSIGNED FACIL 12-16-2009 1137 05-11-2010 0833
  P09    RELEASE 12 RELEASED FROM IN-TRANSIT, DEC 12-16-2009 1137 12-16-2009 1137
  P09    A-ADMIT 07 ADMITTED TO IN-TRANSIT, JUL   07-09-2009 0530 12-16-2009 1137
  8-D    RELEASE    RELEASED FROM IN-TRANSIT FACL 07-09-2009 0530 07-09-2009 0530
  8-D    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-11-2009 1313 07-09-2009 0530
  MCR    FED WRIT   RELEASE ON FEDERAL WRIT       03-11-2009 1313 12-16-2009 1137
  MCR    A-DES      DESIGNATED, AT ASSIGNED FACIL 10-23-2008 1808 03-11-2009 1313
  A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 10-23-2008 1808 10-23-2008 1808
  A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-23-2008 0747 10-23-2008 1808
  ATL    HLD REMOVE HOLDOVER REMOVED              10-23-2008 0747 10-23-2008 0747
  ATL    A-BOP HLD  HOLDOVER FOR INST TO INST TRF 10-14-2008 1849 10-23-2008 0747
  A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 10-14-2008 1849 10-14-2008 1849
  A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-14-2008 1000 10-14-2008 1849
  OKL    HLD REMOVE HOLDOVER REMOVED              10-14-2008 0900 10-14-2008 1000
  OKL    A-BOP HLD  HOLDOVER FOR INST TO INST TRF 10-06-2008 1842 10-14-2008 0900
  A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 10-06-2008 1942 10-06-2008 1942
  A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-06-2008 0638 10-06-2008 1942
  LEW    TRANSFER   TRANSFER                      10-06-2008 0638 10-06-2008 0638
  LEW    A-DES      DESIGNATED, AT ASSIGNED FACIL 02-28-2008 0951 10-06-2008 0638
  5-T    RELEASE    RELEASED FROM IN-TRANSIT FACL 02-28-2008 0951 02-28-2008 0951
  5-T    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-28-2008 0903 02-28-2008 0951
  ALP    TRANSFER   TRANSFER                      02-28-2008 0903 02-28-2008 0903
  ALP    A-DES      DESIGNATED, AT ASSIGNED FACIL 09-17-2007 1745 02-28-2008 0903
  A02    RELEASE    RELEASED FROM IN-TRANSIT FACL 09-17-2007 1745 09-17-2007 1745
  A02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-17-2007 0904 09-17-2007 1745
  CUM    HLD REMOVE HOLDOVER REMOVED              09-17-2007 0904 09-17-2007 0904
  CUM    A-BOP HLD  HOLDOVER FOR INST TO INST TRF 09-12-2007 1420 09-17-2007 0904
  7-L    RELEASE    RELEASED FROM IN-TRANSIT FACL 09-12-2007 1420 09-12-2007 1420
  7-L    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-12-2007 1232 09-12-2007 1420
  HAZ    TRANS SEG  TRANSFER-SEGREGATION          09-12-2007 1232 09-17-2007 1745
  HAZ    A-DES      DESIGNATED, AT ASSIGNED FACIL 05-22-2007 1900 09-12-2007 1232
  A02    RELEASE    RELEASED FROM IN-TRANSIT FACL 05-22-2007 1900 05-22-2007 1900
  A02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-22-2007 1100 05-22-2007 1900
  OKL    HLD REMOVE HOLDOVER REMOVED              05-22-2007 1000 05-22-2007 1000
  OKL    A-BOP HLD  HOLDOVER FOR INST TO INST TRF 05-21-2007 1715 05-22-2007 1000
  A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 05-21-2007 1815 05-21-2007 1815
  A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-21-2007 1442 05-21-2007 1815


  G0002       MORE PAGES TO FOLLOW . . .
```

```
    LEWAJ  531.01 *           INMATE HISTORY            *      09-04-2012
PAGE 002          *            ADM-REL                 *      13:35:10
```

REG NO..: 28711-034 NAME....: LANDOR, DAMON
CATEGORY: ARS        FUNCTION: PRT        FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| ATL | HLD REMOVE | HOLDOVER REMOVED | 05-21-2007 1442 | 05-21-2007 1442 |
| ATL | A-BOP HLD | HOLDOVER FOR INST TO INST TRF | 05-10-2007 1540 | 05-21-2007 1442 |
| 7-K | RELEASE | RELEASED FROM IN-TRANSIT FACL | 05-10-2007 1540 | 05-10-2007 1540 |
| 7-K | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 05-10-2007 0710 | 05-10-2007 1540 |
| LEE | TRANSFER | TRANSFER | 05-10-2007 0710 | 05-10-2007 0710 |
| LEE | A-DES | DESIGNATED, AT ASSIGNED FACIL | 04-03-2007 1215 | 05-10-2007 0710 |
| B02 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 04-03-2007 1215 | 04-03-2007 1215 |
| B02 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 04-03-2007 0617 | 04-03-2007 1215 |
| ATL | HLD REMOVE | HOLDOVER REMOVED | 04-03-2007 0617 | 04-03-2007 0617 |
| ATL | A-BOP HLD | HOLDOVER FOR INST TO INST TRF | 03-19-2007 1351 | 04-03-2007 0617 |
| A01 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 03-19-2007 1351 | 03-19-2007 1351 |
| A01 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 03-19-2007 0945 | 03-19-2007 1351 |
| OKL | HLD REMOVE | HOLDOVER REMOVED | 03-19-2007 0845 | 03-19-2007 0845 |
| OKL | A-BOP HLD | HOLDOVER FOR INST TO INST TRF | 03-08-2007 1310 | 03-19-2007 0845 |
| 7-J | RELEASE | RELEASED FROM IN-TRANSIT FACL | 03-08-2007 1410 | 03-08-2007 1410 |
| 7-J | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 03-08-2007 0531 | 03-08-2007 1410 |
| POL | TRANSFER | TRANSFER | 03-08-2007 0431 | 03-08-2007 0431 |
| POL | A-DES | DESIGNATED, AT ASSIGNED FACIL | 04-20-2006 1116 | 03-08-2007 0431 |
| A01 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 04-20-2006 1216 | 04-20-2006 1216 |
| A01 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 04-20-2006 0850 | 04-20-2006 1216 |
| OKL | HLD REMOVE | HOLDOVER REMOVED | 04-20-2006 0750 | 04-20-2006 0750 |
| OKL | A-BOP HLD | HOLDOVER FOR INST TO INST TRF | 04-18-2006 1515 | 04-20-2006 0750 |
| 8-K | RELEASE | RELEASED FROM IN-TRANSIT FACL | 04-18-2006 1615 | 04-18-2006 1615 |
| 8-K | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 04-18-2006 0608 | 04-18-2006 1615 |
| YAM | TRANSFER | TRANSFER | 04-18-2006 0508 | 04-18-2006 0508 |
| YAM | A-DES | DESIGNATED, AT ASSIGNED FACIL | 08-22-2005 1133 | 04-18-2006 0508 |
| 6-Y | RELEASE | RELEASED FROM IN-TRANSIT FACL | 08-22-2005 1233 | 08-22-2005 1233 |
| 6-Y | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 08-22-2005 1222 | 08-22-2005 1233 |
| YAZ | TRANSFER | TRANSFER | 08-22-2005 1122 | 08-22-2005 1122 |
| YAZ | A-DES | DESIGNATED, AT ASSIGNED FACIL | 08-03-2005 0856 | 08-22-2005 1122 |
| 8-K | RELEASE | RELEASED FROM IN-TRANSIT FACL | 08-03-2005 0956 | 08-03-2005 0956 |
| 8-K | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 08-03-2005 0914 | 08-03-2005 0956 |
| YAM | TRANSFER | TRANSFER | 08-03-2005 0814 | 08-03-2005 0814 |
| YAM | A-HLD | HOLDOVER, TEMPORARILY HOUSED | 07-13-2005 1443 | 08-03-2005 0814 |
| 6-Y | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-13-2005 1543 | 07-13-2005 1543 |
| 6-Y | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-13-2005 1357 | 07-13-2005 1543 |
| YAZ | TRANSFER | TRANSFER | 07-13-2005 1257 | 07-13-2005 1257 |
| YAZ | A-HLD | HOLDOVER, TEMPORARILY HOUSED | 07-05-2005 1414 | 07-13-2005 1257 |
| 8-K | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-05-2005 1514 | 07-05-2005 1514 |
| 8-K | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-05-2005 1427 | 07-05-2005 1514 |
| YAM | TRANSFER | TRANSFER | 07-05-2005 1327 | 07-05-2005 1327 |

G0002       MORE PAGES TO FOLLOW . . .

```
     LEWAJ  531.01 *                 INMATE HISTORY              *       09-04-2012
  PAGE 003 OF 003 *                    ADM-REL                  *       13:35:10

  REG NO..: 28711-034 NAME....: LANDOR, DAMON
  CATEGORY: ARS        FUNCTION: PRT        FORMAT:

FCL    ASSIGNMENT DESCRIPTION                     START DATE/TIME STOP  DATE/TIME
YAM    A-DES      DESIGNATED, AT ASSIGNED FACIL   06-21-2005 1600 07-05-2005 1327
A02    RELEASE    RELEASED FROM IN-TRANSIT FACL   06-21-2005 1700 06-21-2005 1700
A02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  06-21-2005 0900 06-21-2005 1700
OKL    HLD REMOVE HOLDOVER REMOVED                06-21-2005 0800 06-21-2005 0800
OKL    A-BOP HLD  HOLDOVER FOR INST TO INST TRF   06-14-2005 1515 06-21-2005 0800
B18    RELEASE    RELEASED FROM IN-TRANSIT FACL   06-14-2005 1615 06-14-2005 1615
B18    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  06-14-2005 0612 06-14-2005 1615
BMM    TRANSFER   TRANSFER                        06-14-2005 0512 06-14-2005 0512
BMM    A-DES      DESIGNATED, AT ASSIGNED FACIL   08-31-2004 1722 06-14-2005 0512
2-E    RELEASE    RELEASED FROM IN-TRANSIT FACL   08-31-2004 1822 08-31-2004 1822
2-E    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  08-12-2004 1445 08-31-2004 1822
CSA    ADMIN REL  ADMINISTRATIVE RELEASE          08-12-2004 1345 08-12-2004 1345
CSA    A-ADMIN    ADMINISTRATIVE ADMISSION        08-12-2004 1251 08-12-2004 1345
2-E    RELEASE    RELEASED FROM IN-TRANSIT FACL   08-12-2004 1351 08-12-2004 1351
2-E    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  08-09-2004 1600 08-12-2004 1351
CSA    ADMIN REL  ADMINISTRATIVE RELEASE          08-09-2004 1500 08-09-2004 1500
CSA    A-ADMIN    ADMINISTRATIVE ADMISSION        08-09-2004 1458 08-09-2004 1500
```

```
  G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

**Attachment G**

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| INSTITUTION | USP Lewisburg | INCIDENT REPORT NUMBER | | 1818253 |
|---|---|---|---|---|
| INMATE NAME | Landor, Damon | REG NO 28711-034 | UNIT | B-Block |
| DATE OF INCIDENT | 01-06-2009 | DATE OF INCIDENT REPORT | | 01-06-2009 |
| OFFENSE CODE(S) | 104 | | | |
| SUMMARY OF CHARGES | Possession of a Weapon | | | |

**I.   NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date)   12-07-2010      at (time)   6:00 pm   (by staff member)      R. Marr, Act., Lt.

B. The DHO Hearing was held on (date)      03-23-2011      at (time)      09:45 am

C. The inmate was advised of his/her rights before the DHO by (staff member):

M. Edinger, Counselor                    on (date)       12-08-2010          and a copy

of the advisement of rights form is attached.

**II.  STAFF REPRESENTATIVE**

| A. Inmate waived right to staff representative. | Yes: | XX | No: | |
|---|---|---|---|---|

B. Inmate requested staff representative and            N/A            appeared.

c. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result

that:   N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative statement: N/A

**III.  PRESENTATION OF EVIDENCE**

| A. Inmate admits | Admits | X | denies the charge. |
|---|---|---|---|

B. Summary of inmate statement: Inmate Landor indicated he understood his rights and was ready to proceed with the hearing.   Inmate Landor produced a picture of a homemade manufactured weapon that was approximately 6 inches long. Inmate Landor testified, "The weapon was 8 inches long not 6 inches.  I was just put in the cell 3 days prior to the incident.  I never received A&O before the shot.  My property was not in my locker.  The officer didn't produce the pants as evidence, they didn't even take a picture of the pants.  The Lady who wrote the shot is lying.  She violated my rights." Inmate Landor made no complaints of procedural errors during the hearing.

C. Witness(es): N/A

| 1. The inmate requested witness(es). | Yes: | | No: | XX | |
|---|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)       N/A

3. The following persons requested were not called for the reason(s) given. N/A

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| statements and those statements received were considered. | | | | | | |

D. Documentary Evidence: In addition to the Incident Report, and Investigation, the DHO considered the following documents:

N/A

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

IV. FINDINGS OF THE DHO

| X | A. The act was committed as charged. |
| | B. The following act was committed: | |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

Your due process rights were read and reviewed with you by the DHO at the time of the hearing. You stated you understood your rights, had no documentary evidence to present, did not require a staff representative and requested no witnesses.

The DHO finds you committed the prohibited act of Possession of a Weapon, Code 104. The DHO bases this finding on the eyewitness account of M. Morgan, T&A Clerk, who stated, "I conducted a routine search of cell 105 in unit 6B which is assign to inmate Landor Reg. No. 28711-034 and inmate Parks Reg. No. 09550-007. During the search of the lower locker that is assigned to inmate Landor I discovered a homemade manufactured weapon. The weapon was sharpened at one end to a point with a cloth handle and a lanyard, approximately 6 inches in length. That was concealed inside the crotch area of a pair of khaki trousers. Landor's name and reg. Number was affixed to the trousers that the homemade manufactured weapon was concealed in. Inmate confessed to Lieutenant Hardin that the homemade manufactured weapon was his."

During the investigation you did not have a comment. During the UDC hearing you stated, "No comment."

You denied the charge, and presented as your defense, "The weapon was 8 inches long not 6 inches. I was just put in the cell 3 days prior to the incident. I never received A&O before the shot. My property was not in my locker. The officer didn't produce the pants as evidence; they didn't even take a picture of the pants. The Lady who wrote the shot is lying. She violated my rights."

You stated you had not yet received Institution A&O. Therefore, implying you was not aware of the prohibited acts at USP McCreary. However, upon your arrival at USP McCreary you received a copy of the Admissions and Orientation Booklet. This booklet discusses the prohibited acts and the disciplinary severity scale. You stated you were only in the cell for three days prior to the incident. Upon further investigation it was shown that you were in cell 105 in unit 6B for five days. You also produced a picture of a manufactured weapon that was 8 inches long which would contradict the incident report if the DHO had the same picture. This DHO did not have a picture of the weapon. Therefore, the picture you have cannot be used to discredit the incident report.

Based on M. Morgan's statement that she discovered a homemade manufactured weapon which was approximately 6 inches in length and was sharpened to a point with a cloth handle and a lanyard in a pair of your pants, which had your name and register number affixed to them. M. Morgan

DISCIPLINE HEARING OFFICER REPORT                    BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                           FEDERAL BUREAU OF PRISONS

also stated, you confessed to Lieutenant Hardin that the homemade manufactured weapon was yours.  Therefore, the DHO finds you committed the prohibited act of Possession of a Dangerous Weapon, Code 104

VI. SANCTION OR ACTION TAKEN

Code:104

Disallow Good Conduct Time: 40 Days.
Disciplinary Segregation: 30 Days.
Loss of Visitation Privilege: 180 days.
Disciplinary Transfer.

VII. REASON FOR SANCTION OR ACTION TAKEN

The action/behavior on the part of any inmate to possess, manufacture or introduce any type of weapon, firearm, or explosive capable of inflicting serious injury to another person, whether another inmate or staff member, threatens the health, safety, and welfare of not only the inmate involved, but that of all other inmates and staff. In the past, this type of action/behavior has been shown to result in serious injuries, even death, and the serious loss of property.  The sanctions imposed by the DHO were taken to let the inmate know that he and he alone, will be held responsible for his actions/behavior at all times.


The sanctions against the visitation privilege for this charge were due to the particular act.  Because Possessing a Dangerous Weapon at any institution possesses an elevated security risk, it is felt that additional sanctions are necessary.  These sanctions are used to both deter future behavior of this type, and to impress the understanding that this behavior is seen as serious at this institution.  It is felt these particular sanctions will have this effect.

VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

| | Yes | XX | No | | |

IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| D. Brewer | | 3-27-11 |
| Report delivered to inmate: | SIGNATURE M. Inich | DATE 3/30/11 |

(This form may be replicated in WP) Replaces BP-304(52) of JAN 88

*1818 253*

BP-S288.052 INCIDENT REPORT CDFRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

1. Name of Institution: USP McCreary County

Part I.- Incident Report

| 2. Name of Inmate Landor, Damon | 3. Register Number 28711-034 | 4. Date of Incident January 6, 2009 | 5. Time 9:15 a.m. |
|---|---|---|---|
| 6. Place of Incident 105 | 7. Assignment Unassign | 8. Unit 6B | |

| 9. Incident: 104 Possession, manufacture, or introduction of a weapon, dangerous chemical, explosive or any ammunition | 10. Code: ~~222~~ 104 |
|---|---|

11. Description of Incident (Date: 1/06/2009      Time: 9:15 a.m.      Staff become aware of incident

This is a rewrite of an incident report previously written on 1/6/2009.  At approximately 9:15 a.m. on January 6,2009, I conducted a routine cell search of cell 105 in Unit 6B which is assign to inmate Landor Reg.  No.  28711-034 and inmate Parks Reg. No. 09550-007.  During the search of the lower locker that is assigned to inmate Landor I discovered a homemade manufactured weapon.  The weapon was sharpened at one end to a point with a cloth handle and a lanyard, approximately 6 inches in length. That was concealed inside the crotch area of a pair of khaki trousers.  Landor's a name and reg. Number was affixed to the trousers that the homemade manufactured weapon was concealed on.  Compound and Activities was notified.  Inmate confessed to Lieutenant Hardin that the homemade manufactured weapon was his.  400.

| 12. Signature of Reporting Employee | Date and Time 12/7/2010 13:00 hours | 13. Name and Title (Printed) M.  Morgan/T&A Clerk |
|---|---|---|
| 14. Incident Report delivered to above inmate by *R. Man* | 15. Date Incident Report Delivered 12-7-10 | 16.time Incident Report Delivered 1800 |

Part II - Committee Action

17. Comments of inmate to Committee regarding above incident

*See attached*

| 18. A. It is the finding of the Committee that you: ___ Committed the following Prohibited Act. ___ Did not commit a Prohibited Act. | B. _____ The Committee is referring the charge(s) to the DHO for further hearing. C. _____ The Committee advised the inmate of its finding and of the right to file an appeal within 15 calendar days. |
|---|---|

19. Committee Decision Is Based On The Following Information

#28711-034, Landor, Damon                    I/R # 1818253

## Part II – Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident-

The inmate stated "no comment" to the UDC.

18. A. It Is The Finding Of The Committee That You:
   XX   Committed The Following Prohibited Act 104
_____ Did Not Commit A Prohibited Act.

B. _____ The Committee Is Referring The Charge(s) To The DHO For Further
Hearing.
C.  XX   The Committee Advised The Inmate Of Its Finding And Of The Right To
File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information –

Based upon the written account of the reporting staff member that the inmate
did commit the prohibited acts.

20. Committee action and/or recommendation if referred to DHO (Contingent upon
DHO finding inmate committed prohibited act)

Refer to the D.H.O. for further hearing. Recommend appropriate sanctions not
available to the U.D.C.

21. Date And Time Of Action 12-08-2010 / 1252 _____ (The UDC Chairman's
Signature Next To His Name Certifies Who Sat On The UDC And That The
Completed Report Accurately Reflects The UDC Proceedings.)

  M. Edinger/ _M. Edinger_____      B. Aderhold_____
  Chairman (Typed Name/signature)      Member (Typed Name)

Record Copy - Central File Record;  Copy - DHO;  Copy - Inmate After UDC
Action;  Copy - Inmate Within 24 Hours Of Part I Preparation
(This Form May Be Replicated Via WP)
Replaces BP-288(52) Of Jan 88

| Part III – Investigation | 22. Date And Time Investigation Began |
|---|---|
| | 12-07-2010 1745 |

23. Inmate Advised Of Right To Remain Silent: You Are Advised Of Your Right To Remain Silent At All Stages Of The Disciplinary Process But Are Informed That Your Silence May Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional Disciplinary Process.  You Are Also Informed That Your Silence Alone May Not Be Used To Support A Finding That You Have Committed A Prohibited Act.

The Inmate Was Advised Of The Above Right By Robert Marr At (Date/time) 12-07-2010
                                                                                 1748

24. Inmate Statement And Attitude

Inmate was advised of his rights and given a copy of the report.
Inmate made no comment.
Inmates attitude was poor.

25. Other Facts About The Incident, Statements Of Those Persons Present At Scene, Disposition Of Evidence, Etc.

The inmate did not request a staff rep or any witnesses.

26. Investigator's Comments And Conclusions

Based on the information in section 11 by the reporting officer, I find this report justified and warranted.

27. Action Taken

This report is being referred to the unit team pending UDC action.

Date And Time Investigation Completed 12-07-2010 1750
Printed Name/signature Of Investigator

Robert Marr _R. Marr_                    _____Acting Lt._____
     Signature                                    Title

BP-S294.052 NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO) · CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE          FEDERAL BUREAU OF PRISONS

USP LEWISBURG
_____
Institution

_____
Date

| | |
|---|---|
| TO: Landor, Damon | Reg. No: 28711-034 |
| ALLEGED VIOLATION(S): Possessing a Dangerous Weapon | |
| DATE OF OFFENSE:12-06-2010 | Code No.:104 |

You are being referred to the DHO for the above charge(s).

The hearing will be held on:     ASAP     at _____ (A.M./P.M.) at the following location:

_____

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) _____ (do not) __X__ wish to have a staff representative.

If so, the staff representative's name is: _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) _____ (do not) __X__ wish to have witnesses.

| NAME: | Can Testify to: |
|---|---|
| | |
| NAME: | Can Testify to: |
| | |
| NAME: | Can Testify to: |
| | |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: 12/8/2010    SIGNATURE: & *inmate refused to sign*

Notice of hearing before DHO given inmate   12/8/10   by   M. Edinger / *W. Edinger*
                               Date/Time           Staff Printed Name/Signature

(This form may be replicated via WP)     1052          Replaces BP-294(52) of JAN 88

BP293.052   INMATE RIGHTS AT DISCIPLINE HEARING   CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS
Institution: USP, LEWISBURG
As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing
Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: Landor, Damon _____ Reg. No.: #28711-034 _____

Inmate Signature: x _inmate refused to sign_ Date: _12/8/10_

Notice of rights given to inmate (Date/Time): _12/8/10   1252_

by: M. Edinger/ _M. Edinger_
                Staff Printed Name/Signature

_____

## Inmate Rights At Discipline Hearing

### Institution: USP, LEWISBURG

**Where an inmate has been advised of the rights afforded at a hearing before the DHO, but refuses to sign the acknowledgement, the following should be completed.**

I have personally advised (Inmate's Name/Register No.): Landor, Damon        #28711-034

of the above rights afforded at a discipline hearing before the DHO; however the inmate has refused to sign the acknowledgment.

Signed: _M. Edinger_

Staff Typed or Printed Name: _M. Edinger_ _____

Date: _12/8/10_ _____

#### WAIVER OF 24 HOUR NOTICE

I have been advised that I have the right to have a written copy of the charge(s) against me at least 24 hours prior to appearing before the DHO. I wish to waive this right and proceed with the DHO hearing at this time.

Signed: _____

Typed or Printed Name: _____

Register Number: _____

Date: _____ Time: _____

Witnessed by: _____
              (Staff Printed Name/Signature

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON LANDOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 1:12-CV-1331 |
| | ) |
| BRIAN A. BLEDSOE | ) |
| | ) |
| Respondent. | ) |

## DECLARATION OF D. WEBER

I, D. Weber, hereby state:

1.  I am presently employed by the Federal Bureau of Prisons as a Paralegal Specialist at the United States Penitentiary (USP) at Lewisburg, Pennsylvania.   As part of my duties, I have access to inmate records and files which are maintained in the regular course of business.

2.  I am familiar with the above referenced civil action in which inmate Damon Landor, Reg. No. 28711-034, alleges Good Conduct Time (GCT) was taken twice for the same Incident Report (IR#1818253) which he received on January 6, 2009, at USP McCreary.

3.  SENTRY records indicate inmate Landor lost 162 days of GCT between November 2009 and November 2010.  The disciplinary record indicates inmate Landor lost that GCT due to the following IRs:   IR#1990336, received on March 16, 2010, which resulted in 27 days loss of GCT, IR# 2036698, received on September 1, 2010, resulting in 54 days loss of GCT, and IR#2036697, received on September 1, 2010, resulting in 27 days loss of GCT for Code 203, and 54 days loss of GCT for Code 208.   See Sentence Monitoring – Good Time Data (Attach. A); Chronological Disciplinary Record (Attach B).

4.  SENTRY records indicate inmate Landor lost 81 days GCT between November 2010 and November 2011.  The disciplinary record indicates inmate Landor lost that GCT due to the following IRs: IR#2133110, received on March 4, 2011 and resulting in 27 days loss of GCT, IR#2133109, received on March 4, 2011 and resulting in 27 days loss of GCT, and IR#2152204, received on April 18, 2011 and resulting in 27 days loss of GCT.

1

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of September 2012.

_____
D. Weber

GOVERNMENT
EXHIBIT

2-A

CARDELL 800-783-0399

```
  LEWB7  542*22 *            SENTENCE MONITORING         *     09-14-2012
· PAGE 001 OF 001 *            GOOD TIME DATA            *     09:49:14
                              AS OF  09-14-2012
```

```
REGNO...: 28711-034    NAME: LANDOR, DAMON
ARS 1...: LEW A-DES                                PLRA
COMPUTATION NUMBER..: 010                      PRT   ACT DT:
LAST UPDATED:  DATE.: 08-20-2012         FACL..: DSC   CALC: AUTOMATIC
UNIT................: B-BLOCK             QUARTERS...........: B01-104U
DATE COMP BEGINS....: 07-07-2004         COMP STATUS........: COMPLETE
TOTAL JAIL CREDIT...: 228                TOTAL INOP TIME....: 0
CURRENT REL DT......: 11-20-2013 WED     EXPIRES FULL TERM DT: 11-20-2013
PROJ SATISFACT DT...: 10-04-2013 FRI     PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                    ACTUAL SATISF METHOD:
DAYS REMAINING......:                    FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                    DEPORT ORDER DATED..:
```

---------------------------GOOD CONDUCT TIME AMOUNTS---------------------------

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL DIS | TOTALS FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 11-21-2003 | 11-20-2004 | 54 | 54 | | | | |
| 11-21-2004 | 11-20-2005 | 54 | 54 | 54 | 27 | | |
| 11-21-2005 | 11-20-2006 | 54 | 27 | 55 | 63 | | |
| 11-21-2006 | 11-20-2007 | 54 | 0 | 282 | | | |
| 11-21-2007 | 11-20-2008 | 54 | 0 | 982 | | | |
| 11-21-2008 | 11-20-2009 | 54 | 0 | 121 | | | |
| 11-21-2009 | 11-20-2010 | 54 | 0 | 162 | | | |
| 11-21-2010 | 11-20-2011 | 54 | 0 | 81 | | | |
| 11-21-2011 | 11-20-2012 | 54 | | 54 | | | |
| 11-21-2012 | 10-04-2013 | 47 | | | | | |

```
     TOTAL EARNED AMOUNT..........................................:      0
     TOTAL EARNED AND PROJECTED AMOUNT............................:     47
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

GOVERNMENT
EXHIBIT

3
_____



**U.S. Department of Justice**
Federal Bureau of Prisons

P R O G R A M   S T A T E M E N T
OPI:        CPD/CSB
NUMBER:    P5217.01
DATE:       11/19/2008

# Special Management Units

*Approved*: Harley G. Lappin
Director, Federal Bureau of Prisons

1. **PURPOSE AND SCOPE**

To provide guidance and procedures for operating Special Management Units (SMU).

Some inmates, such as those who participated in or had a leadership role in geographical group/gang-related activity, present unique security and management concerns. Accordingly, the Bureau of Prisons (Bureau) designates inmates to SMUs where greater management of their interaction is necessary to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public.

SMU designation is non-punitive, and may be appropriate for any inmate meeting the referral criteria in Section 2 below. Conditions of confinement for SMU inmates are more restrictive than for general population inmates, and are described in Section 5. Inmates are expected to complete the four-level SMU program in 18 to 24 months, at which time they may be redesignated to an appropriate facility.

a. **Program Objectives.** The expected results of this program are:

- Inmates who meet the criteria for designation to a SMU will be referred for redesignation.
- SMU inmates will complete a four-level program and be redesignated to the general population.
- Safe and orderly environments at all insitutions will be further enhanced by the operation of SMUs.

b. **Pretrial/Holdover/Detainee Procedures.** This Program Statement applies only to sentenced inmates.

2. **REFERRAL CRITERIA**

Designation to a SMU may be considered for any sentenced inmate whose interaction requires greater management to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public, because the inmate meets **any** of the following criteria:

- Participated in disruptive geographical group/gang-related activity.
- Had a leadership role in disruptive geographical group/gang-related activity.
- Has a history of serious and/or disruptive disciplinary infractions.
- Committed any 100-level prohibited act, according to 28 CFR part 541, after being classified as a member of a Disruptive Group pursuant to 28 CFR part 524.
- Participated in, organized, or facilitated any group misconduct that adversely affected the orderly operation of a correctional facility.
- Otherwise participated in or was associated with activity such that greater management of the inmate's interaction with other persons is necessary to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public.

3. **REFERRAL PROCEDURES**

a. **Referral.**  If an inmate appears to satisfy any of the referral criteria above, the Unit Team may present a redesignation referral to the Warden.  The referral packet consists of a completed Request for Transfer/Application of Management Variable (EMS-A409), copies of pertinent Special Investigative Supervisor reports and incident reports, and a cover memorandum to the Warden summarizing the rationale for referral for SMU designation.  If the Warden approves the referral, it is submitted to the Regional Director.  The packet may be submitted electronically at all stages.  The Unit Team will be notified if the Warden denies the referral.

b. **Hearing.**  If the Regional Director determines that sufficient evidence exists to convene a hearing, the Regional Director appoints a Hearing Administrator to conduct a hearing into whether the inmate meets the criteria for SMU designation.  The Hearing Administrator will have been trained and certified as a Discipline Hearing Officer, will be an impartial decision-maker, and will not have been personally involved as a witness or victim in any relevant disciplinary action involving that inmate.

The Warden will be notified of the Regional Director's decision to conduct a hearing before the inmate is provided pre-hearing notice.  The inmate's security needs will be assessed and staff made aware of any additional security precautions.

(1) **Pre-Hearing Notice.**  The Hearing Administrator completes the form BP-A0935, *Notice to Inmate: Hearing Referral for Designation to a Special Management Unit* (available on Sallyport) and sends it to the inmate's current institution.  Unit team staff provide the inmate with a copy of the Notice at least 24 hours before the hearing, and document delivery to the inmate.  If the inmate is illiterate, the delivering staff member will read the notice verbatim.  If the inmate does not speak English, the Unit Team staff will make arrangements to provide translation.

The Notice will:

- Advise the inmate of the date and time of the hearing.
- Advise the inmate of the opportunity to appear at the hearing.
- Provide a sufficiently detailed explanation of the reasons for the referral.  Such explanation will not include information that would jeopardize the safety, security, or orderly operation of correctional facilities, or protection of the public.
- Inform the inmate that a non-probationary staff member will be available to help the inmate compile documentary evidence and written witness statements to present at the hearing.  The assisting staff member's responsibility in this role is limited to assisting the inmate in obtaining copies of documents needed, for example, from his central file or other reasonably available source(s), or a written statement(s) from other reasonably available inmates or staff.

(2)  **Inmate Appearance and Evidence.**  The inmate has the opportunity to appear at the hearing, make an oral statement, and present documentary evidence and written witness statements, except where contrary to the safety, security, or orderly operation of Bureau facilities, or protection of the public.  The Hearing Administrator, after consultation with the facility where the inmate is housed, will determine whether the inmate appears at the hearing via videoconference, telephone conference, or in-person.  The Warden or designee will determine the location of the hearing.  The inmate may not call witnesses at the hearing.

c.  **Post-Hearing Findings and Decision.**  The Hearing Administrator considers whether, based on information obtained during the referral process and presented at the hearing, the inmate meets the criteria for the SMU program.  The Hearing Administrator prepares the form BP-A0936, *Hearing Administrator's Report on Referral for Designation to a Special Management Unit* (available on Sallyport) and provides it to the Regional Director.  The Report provides a detailed explanation of the reasons for the Hearing Administrator's findings, but does not include information that would jeopardize the safety, security, or orderly operation of correctional facilities, or protection of the public.

The Regional Director considers whether, based on the Hearing Administrator's findings, the SMU referral is necessary to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public.  The Regional Director includes a recommendation on the Report and forwards it to the Designation and Sentence Computation Center (DSCC).

When considering inmates for designation to the SMU, appropriate DSCC staff involved in the designation process shall review the inmate's CIM assignment to ensure inmates who are separatees pursuant to the CIM Manual are not designated to the same SMU without written concurrence of the Central Office.  The DSCC will then review the Report and, after consulting with the Assistant Director, Correctional Programs Division, Central Office, indicate whether SMU referral is approved.  If SMU referral is approved, the DSCC selects the SMU that best meets the inmate's greater management needs, and enters said approval on the CMC Clearance Data Sheet.  The DSCC forwards the decision to the receiving Regional Director and Warden, with copies to the referring Regional Director and Warden.  If a SMU referral is denied, the

DSCC should consider a secondary referral code/rationale provided in the referral, i.e., greater security, adjustment purposes, etc.

d. **Post-Decision Notice and Appeal.**  The inmate's copy of the completed Report is sent to the referring Warden, who ensures delivery to the inmate.  The Report advises the inmate of the opportunity to appeal the decision and the Hearing Administrator's findings through the Administrative Remedy Program, directly to the Office of General Counsel.

An inmate's appeal of the decision or the Hearing Administrator's findings does not delay designation and transfer to a SMU.  Designation and transfer are effected; the inmate may proceed with the appeal while housed in the SMU.

e. **Notice for Current SMU Inmates.**  Inmates currently in a SMU are provided the BP-A0937, *Notice to Inmate of Designation to a Special Management Unit* (available on Sallyport).  This Notice informs the inmate of the right to appeal the designation decision and the inmate's individual conditions of confinement.

f. **Inmates in Disciplinary Segregation.**  When an inmate serving a sanction of disciplinary segregation is designated to a SMU, the referring Regional Director may:

- Direct that the inmate complete the disciplinary segregation period at the current institution; or
- Request that the inmate complete the disciplinary segregation period at the receiving institution before transfer into the SMU.

## 4.  CENTRAL INMATE MONITORING (CIM) ASSIGNMENTS

CIM assignments regarding SMU candidates will be finalized prior to assignment to a specific SMU.  This will ensure the most appropriate placement of each SMU inmate.

a. **CIM Assignment Related to SMU Placement**.  Inmates with CIM assignments related to their SMU placement may be housed in the same institution/SMU housing unit during Levels One and Two, due to the institution's ability to prevent any physical contact between them. SMU inmates approved for Levels Three and Four, however, must demonstrate a willingness and subsequent ability to effectively coexist with other inmates.  Inmates who fail to demonstrate these traits with other inmates, and specifically their CIM assignments (individuals or group) will retain those assignments and may be removed from the SMU program pending redesignation to another appropriate facility, consistent with the orderly running and operations of our institutions.

b. **CIM Assignments Unrelated to SMU Placement**.  Occasionally, a SMU candidate will have a verified separation need from another SMU candidate that is unrelated to each inmate's consideration for SMU placement.  For example, inmate "A" previously testified against inmate "B," and both inmates were made separatees from each other.  Under these type circumstances, inmates "A" and "B" should be housed in different SMUs.

5. **CONDITIONS OF CONFINEMENT**

Conditions of confinement for SMU inmates will be more restrictive than for general population inmates.  An inmate's individual conditions will be limited in accordance with this policy as necessary to ensure the safety of others, to protect the security or orderly operation of the institution, or protection of the public.  Individual conditions may be further limited as part of a disciplinary sanction imposed pursuant to 28 CFR part 541, except as specified below. Individual conditions are ordinarily made less restrictive when an inmate progresses from level-to-level of the SMU program.  The cell door of each inmate in the SMU will be clearly marked with the inmate's Level and any enhanced security needs for that inmate.

The Warden must request a policy waiver, in accordance with the policy on Directives Management Manual, to impose restrictions more stringent than those allowed by this Program Statement or other applicable national directives.  Conditions required by regulations, however, may not be waived.

a.  **Minimal Conditions.**  Except as provided above, minimal conditions of confinement for SMU inmates are as follows, and in accordance with the policy on Occupational Safety, Environmental Compliance, and Fire Protection, and Directives referenced in this Program Statement.

(1)  **Environment.**  Living quarters are well ventilated, adequately lighted, appropriately heated, and maintained in a sanitary condition.

(2)  **Cell Occupancy.**  Living quarters ordinarily house only the number of occupants for which they are designed.  The Warden, however, may authorize additional occupants as long as adequate standards can be maintained.

(3)  **Bedding.**  Inmates receive a mattress, blankets, a pillow, and linens for sleeping.  Inmates have necessary opportunities to exchange linens.

(4)  **Clothing.**  Inmates receive adequate institution clothing, including footwear.  Inmates have opportunities to exchange clothing or have it washed.

(5)  **Personal Hygiene.**  Inmates have access to a wash basin and toilet.  Inmates receive necessary personal hygiene items.  Inmates have the opportunity to shower and shave at least three times per week.  Inmates have access to necessary hair care services.

(6)  **Meals.**  Inmates receive nutritionally adequate meals and may be required to eat all meals in their living quarters.

(7)  **Recreation.**  Inmates have the opportunity to exercise outside their individual quarters for five hours per week, ordinarily in one-hour periods on different days.  The Warden may deny these exercise periods for up to one week at a time if it is determined that an inmate's recreation

itself jeopardizes the safety, security, or orderly operation of the institution.  However, recreation conditions specified here may **not** otherwise be limited, even as part of a disciplinary sanction imposed under 28 CFR part 541.

(8)  **Personal Property.**  Inmates may have reasonable amounts of personal property.  Personal property may be limited for reasons of fire safety, sanitation, or available space.

(9)  **Commissary.**  Inmates have access to the commissary, as determined by the Warden.

(10)  **Visits.**  Inmates may receive visitors in accordance with 28 CFR part 540.  Inmates may be provided non-contact visits, through the use of videoconferencing or other technology.

(11)  **Correspondence and Telephone Use.**  Inmates may correspond with persons in the community and use the telephone in accordance with 28 CFR part 540 and this Program Statement.  However, to deter and detect continued involvement in disruptive geographical group/gang-related activity, correspondence and telephone use are subject to monitoring and analysis for intelligence purposes.  Special mail and unmonitored attorney telephone calls are handled in accordance with 28 CFR part 540.

Telephone calls are live-monitored where feasible.  If live monitoring is not feasible, calls are ordinarily reviewed within 24 hours.  If the call is in a language other than English, it is submitted for translation.  The translated call summary is analyzed for intelligence purposes. Inmates may use the telephone a minimum of two completed calls per month, unless telephone restrictions have been imposed pursuant to 28 CFR part 541, and may be increased as they progress through the levels of the program.

Correspondence that is prepared in a language other than English will either be directly translated or submitted to the SIS office for translation.  All correspondence is analyzed for intelligence purposes before mailing out of the institution and before being delivered to the inmate.

(12)  **Legal Activities.**  Inmates may perform legal activities in accordance with 28 CFR part 543.

(13)  **Religion.**  Inmates may pursue religious beliefs and practices in accordance with 28 CFR part 548.

(14)  **Library Services.**  Inmates have access to library services in accordance with 28 CFR part 544.

(15)  **Medical Care.**  A health services staff member visits inmates daily to provide necessary medical care.  Emergency medical care is always available either at the institution or from the community.

(16)  **Mental Health Care.**  Each inmate will be evaluated by mental health staff every 30 days. Emergency mental health care is always available either at the institution or from the community.

b. **30-Day Conditions Review.**  The Warden will designate staff to conduct reviews every 30 days of inmates assigned to SMUs, as provided on Form BP-A0951, *Special Management Unit (SMU) 30-day Conditions Review*.  The original form will be retained in the inmate's central file.

c. **Housing Unit Daily Record.**  The housing unit officer completes Form BP-A0950, *Housing Unit Daily Record*, daily for the items provided therein.  At Level Four, completion of the daily record form is optional, as determined by the Warden.

d. **Protective Equipment.**  Consistent with the Correctional Services Program Statements, appropriate protective equipment will be made available for Special Management Units.  The location of this protective equipment will be in an area accessible to staff as determined by the Warden.

6. **PROGRAM STRUCTURE AND REVIEWS**

SMUs consist of four program levels, differentiated by the conditions of confinement and expected time frames for completion, as described below.  Completion of all levels is expected within 18-24 months.

| Level | Expected Level Completion Time | SMU Reviews |
|-------|-------------------------------|-------------|
| One | 4 Months | Initially Within 28 Days Subsequently Every 90 Days |
| Two | 6 - 8 Months | Every 90 days |
| Three | 6 - 8 Months | Every 90 days |
| Four | 2 - 4 Months | Every 30 days |

a. **Level One**

**Inmate Interaction**:  At this level, interaction between inmates is minimal (for example, shower, recreation, programming).  The Associate Warden is responsible for determining which inmates may be housed or participate in activities together, as necessary to protect the safety, security, and good order of the institution.  Inmates will ordinarily be restricted to their assigned cells.

**Admission and Orientation**:  Inmates will participate in an institution and unit admission and orientation (A&O) program as outlined in the policy on A&O.  The goal of the SMU A&O

program is to provide inmates with information regarding the institution operations, program availability, and the requirements for successful progression through each of the four levels of the program, based upon specific goals established for each inmate.

**Programming:**  Initial programming assessment will occur within the first 28 days of an inmate's arrival at the SMU.  Institution and SMU staff will interact with each inmate on an individual basis to:

- Assess the inmate's program and counseling needs;
- Discuss the SMU program objectives/expectations;
- Establish a set of program goals based on the inmate's individual needs and the programming available within the unit; and
- Communicate requirements of the SMU program, to include the expectations the inmate must meet before he will be considered for a general population institution.

**Property**:  Inmates will have limited personal property, as determined by the Warden through the Institution Supplement.

**Level Progression**:  Progression through Level One is based upon the inmate's compliance with behavioral expectations as established by institution and SMU staff.  A multi-discipline Special Management Review will be conducted by the Unit Manager, Captain, and Associate Warden (chairperson)(or their acting).  This review will include input from the SMU unit team, correctional staff, psychology staff, education staff, and other appropriate staff to determine the inmate's readiness to progress to the next level.  Review of the inmate will be documented on Form BP-A0949, *Special Management Review Report*, along with any accompanying memoranda from any member referred to above, and will be filed in Section 2 of the inmate's Central File.  After the initial programming assessment, Level One inmates will be reviewed at least every 90 days.  Inmates are expected to progress to Level Two after four months.

b.  **Level Two**

**Inmate Interaction**:  At this level, interaction between inmates is minimal (for example, shower, recreation, programming).  The Associate Warden is responsible for determining which inmates may be housed or participate in activities together, as necessary to protect the safety, security, and good order of the institution.   Inmates will ordinarily be restricted to their assigned cells, but out-of-cell activities/programming may be increased on a case-by-case behavioral performance basis.

**Programming:**  Inmates will continue their involvement in GED or ESL either individually or in a classroom setting.  Initially during this level, inmates may be involved in programs on a self-study basis.  Then, individual and small group counseling sessions dealing specifically with treatment readiness and fundamental communication skills will be required.  The Associate Warden is responsible for determining which inmates will participate in group activities.  All program activities should reinforce the goal of coexisting and acting responsibly.

Curriculum at this level will target "treatment readiness skills" (e.g., basic empathy, attending, responding, respect, genuineness, etc.) to enhance inmate receptivity to the new concepts which they will be exposed to in Level Three.  Small group counseling sessions, in particular, should focus on treatment readiness and fundamental communication skills.

**Property**:  At this level, staff may incrementally allow inmates to have additional personal property, based on individual performance.

**Level Progression**:  Progression through this level is based upon the inmate demonstrating the potential for positive "community" interaction.  During Level Two, inmates generally program and function separately.  Progression to Level Three, however, requires that the inmate demonstrate the ability to coexist with other individuals, groups, or gangs.  Accordingly, the multi-discipline Special Management Unit Review prior to Level Three consideration must address CIM assignments in detail.  The inmate's willingness/unwillingness to coexist with his CIM assignments must be documented via a memorandum to the file.  This memorandum may also be used as rationale in any subsequent CIM declassification request.  Review of the inmate will be documented on Form BP-A0949, *Special Management Review Report*, along with any accompanying memoranda from any member referred to above, and will be filed in Section 2 of the inmate's Central File.  Level Two inmates will be reviewed at least every 90 days.  Inmates are expected to progress to Level Three after six to eight months.  Inmates who fail to make satisfactory progress may be returned to a previous level.

c.  **Level Three**

**Inmate Interaction**:  Inmates at this level will begin to interact in an open, but supervised, setting with individuals from various groups, to include open movement in the unit and frequent group counseling sessions commensurate with the inmate's demonstrated ability to effectively coexist with other inmates.  The Associate Warden is responsible for determining which inmates may be housed or participate in activities together, as necessary to protect the safety, security, and good order of the institution.  There will also be increased privileges (e.g., increased commissary, property, etc.) at this level for those who accomplish unit goals and maintain appropriate conduct.

**Programming:**  Activities at this level will intensify, with more active involvement on the inmate's part in the group counseling sessions.  The Associate Warden is responsible for determining which inmates will participate in group activities.

The focus and emphasis of the SMU program counseling activities will be to minimize the tendency of SMU inmates to involve themselves in disruptive behavior.  Counseling will focus on encouraging inmates to find ways in which they can coexist appropriately with other inmates in a general population setting and behave responsibly.  Counseling will be value driven and involve cognitive restructuring, and emphasize responsibility and accountability.  First and foremost, the inmates must be taught to look toward the future, as the decisions they are making affect their families and their ability to prepare themselves for eventual reentry to society.

**Property**: At this level inmate access to personal property may be incrementally increased from Level Two based on individual performance.

**Level Progression**:  Progression through this level is based upon the inmate's ability to demonstrate positive "community" interaction skills.  Progression to Level Four should be based on a determination that the inmate will likely meet the redesignation criteria provided in Section 8, **Redesignation**, below.  Review of the inmate will be documented on Form BP-A0949, *Special Management Review Report*, along with any accompanying memoranda from any member referred to above, and will be filed in Section 2 of the inmate's Central File.  Level Three inmates will be reviewed at least every 90 days.  Inmates are expected to progress to Level Four after six to eight months.  Inmates who fail to make satisfactory progress may be returned to a previous level.

d.  **Level Four**

**Inmate Interaction**:  At this level inmates must be able to demonstrate their sustained ability to coexist and interact appropriately with other individuals and groups in the unit.  The Associate Warden is responsible for determining which inmates will participate in group activities.

**Programming:**  Inmates will continue to participate in counseling programs outlined in Level Three.

**Property**:  Level Four inmates may be considered for the same personal property privileges as general population inmates.

**Level Progression**:  This level will encompass the inmate's last two-to-four months in the SMU.  Level Four inmate reviews will be conducted every 30 days, and documented the same as previous reviews.  The inmate's successful progression through this phase will indicate he is prepared to function in a general population setting with inmates of various group affiliations.  Ordinarily, inmates who successfully complete the SMU program will be redesignated to the general population of another facility.  In some situations, however, the SMU unit team may recommend that the SMU graduate be assigned to the general population of that facility.  Inmates who fail to make satisfactory progress may be returned to a previous level.

7.  **PERIODIC REVIEW**

SMU inmates are reviewed by the Unit Team in conjunction with regularly scheduled Program Reviews as provided in the policy on Inmate Classification and Program Review.  The Unit Team specifically reviews inmates for progression through the levels of the program.  An inmate's institutional adjustment, program participation, personal hygiene, and cell sanitation are considered when reviewing the inmate for progression to further levels.

8.  **REDESIGNATION**

a.  **Redesignation Criteria.**  To be redesignated from SMU status, an inmate must:

- For 12 to 18 months, abstain from all of the following:

    ▸ Geographical group/gang-related activity.
    ▸ Serious and/or disruptive disciplinary infractions.
    ▸ Group misconduct that adversely affects the orderly operation of a correctional facility.

- Demonstrate a sustained ability to coexist with other inmates, staff, and other persons.

b.  **Referral Procedures.**  When an inmate has met the redesignation criteria, the Unit Team submits a referral to the Warden for designation to the general population, ordinarily of another institution.

If an inmate is not recommended by the Unit Team for redesignation after 24 months, a referral for continued SMU designation must be submitted to the Regional Director.  If the Regional Director approves continued SMU designation, the inmate receives written notice of the decision and the rationale for it.  The inmate may appeal the decision by attempting informal resolution and filing a formal request with institution staff, as provided by the Administrative Remedy Program.

c.  **SMU Failures.**  If an inmate continues to exhibit disruptive conduct after 6 additional months in the SMU, the inmate may be referred for designation to another appropriate facility, consistent with the orderly running and operations of our institutions.

9.  **INSTITUTION SUPPLEMENT**

Each institution with a SMU will develop an Institution Supplement that addresses local operations and procedures.  The Institution Supplement must be reviewed for legal sufficiency by the Regional Counsel prior to implementation.

**REFERENCES**

*Program Statements*
P1600.09   Occupational Safety, Environmental Compliance, and Fire Protection (10/31/07)
P5100.08   Inmate Security Designation and Custody Classification (9/12/06)
P5180.05   Central Inmate Monitoring System (12/31/07)
P5230.05   Grooming (11/4/96)
P5264.08   Inmate Telephone Regulations (1/24/08)
P5265.11   Correspondence (7/9/99)
P5267.08   Visiting Regulations (5/11/06)

P5270.07   Inmate Discipline and Special Housing Units (3/20/06)
P5290.14   Admission and Orientation Program (4/3/03)
P5300.21   Education, Training and Leisure Time Program Standards (2/18/02)
P5322.12   Inmate Classification and Program Review (11/29/06)
P5360.09   Religious Beliefs and Practices (12/31/04)
P5370.11   Recreation Programs, Inmate (6/28/08)
P5521.05   Searches of Housing Units, Inmates, and Inmate Work Areas (6/30/97)
P5580.07   Personal Property, Inmate (12/28/05)
P5803.07   Progress Reports (3/16/98)
P6031.01   Patient Care (1/15/05)
P6340.04   Psychiatric Services (1/15/05)

*ACA Standards*
- 4th Edition Standards for Adult Correctional Institutions:  4-4277, 4-4287, 4-4288, 4-4290, 4-4292, 4-4295, 4-4296, 4-4297, 4-4299, 4-4300, 4-4301, 4-4363M.
- Performance Based Standards for Adult Local Detention Facilities, 4th Edition:  None.
- 2nd Edition Standards for Administration of Correctional Agencies:  2-CO-4A-01, 2-CO-4B-01, 2-CO-4B-04, 2-CO-4F-01.

*Records Retention Requirements*
Requirements and retention guidance for records and information applicable to this program are available in the Records and Information Disposition Schedule (RIDS) on Sallyport and BOPDOCS.

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAMON LANDOR,** | : | **No. 1:CV-12-1329** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **(Caldwell, J.)** |
| | : | **(Carlson, M.J.)** |
| **ERIC D. WILSON, and** | : | |
| **TIMOTHY HARDIN, Lieutenant,** | : | |
| **Respondents** | : | **Filed Electronically** |

<u>**CERTIFICATE OF SERVICE BY MAIL**</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 17, 2012, she served a copy of the attached

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Damon Landor
Reg. No. 28711-034
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

/s/ Cynthia E. Roman
CYNTHIA E. ROMAN
Paralegal Specialist

3